*DISMUKES ET AL.  vs.  MUSGROVE.*

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT,

THE JUDGE THEREOF PRESIDING.

If the plaintiffs claims through a deed made to the trustee, he is not a third party, to them, in relation to any proceedings, which may have taken place in respect to the property he held in that capacity.

Where the certificate is signed by a person who styles himself Judge of Probates, he will be presumed to be the sole Judge of the court.

A record ought not to be rejected because different parts of it may have been obtained from the clerk at different times, where the certificate shows that the record of the whole proceedings is complete.

A donation disguised under the form of a stipulation, *pour autrui*, is revocable by the donor until accepted, and there are no exceptions in favor of minors.

This was an action to recover from the defendant certain slaves, and the facts are substantially as follow :

On the 20th April, 1811, Ephraim Dismukes, father of the plaintiff's, made a deed of sale, to Champness Terry, of the slaves in controversy.  On the 5th November, 1811, Terry made a counter letter, by which he agreed to hold said slaves, in trust, for the plaintiffs, (then minor children of Ephraim Dismukes) until they became of age or were married.

Subsequently, however, Ephraim Dismukes commenced a suit in the court of Chancery, in the State of Mississippi, alleging fraud in the sale, and obtained a decree annulling the sale, and directing restitution of the slaves or the payment of their value.   Ephraim Dismukes assigned this decree to Andrew Dismukes, who entered into a *transaction* with defendant; received compensation and assigned the title of the slaves to her.   The defendant also claimed under a probate sale of the estate of Champness Terry.  The only points raised by the plaintiff, were, that the stipulations contained in the counter letter, were stipulations *pour autrui*. That they operated at once to the benefit of plaintiffs, and that Ephriam Dismukes could not afterwards revoke them by any act of his.

A bill of exceptions, to the introduction of certain evidence, is given at large in the opinion of the court.

There was judgment for the defendant, and the plaintiffs appealed.

*Hennen,* for appellants.

*Ripley,* for appellee.

*Porter, J.,* delivered the opinion of the court.

This cause has been twice before the court, and now returns here again, after judgment in favor of the defendant. A statement of the case, the pleadings, and the incidents of the cause, previous to an examination of the merits, will be found in the seventh volume of N. S., page 58. On each trial below, there has been a verdict and a judgment against the plaintiffs.—*Vol. 7. N. S.* 58—*id. vol.* 8, 375.

On the first trials, a great number of bills of exceptions were taken to the opinion of the judges admitting and rejecting evidence. The record, now before us, presents some questions arising in a similar way; and they must be disposed of, before the case can be examined on its merits.

A record of certain judicial proceedings in the state of Mississippi, in relation to the estate of the trustee, Terry, was offered in evidence, on the part of the defendant. In different parts of this record, there are distinct certificates of the register of the orphan's court, that the matters and things therein set fourth, are true copies ; and these certificates are followed, in one instance, by that of a person styling himself *judge of probates ;* and in another, by one who states, that he is associate judge of the court of probates : that the person who gives the certificates is register, and that the copies were made and certified in due form of law.

At the close of the record, the following certificates are found :

" I, Willis H. Arnold, register of the orphan's court, and clerk of the probate court of the county aforesaid, do certi-

fy, that the foregoing is a true copy from the record of said court, of all the proceedings had in said courts, so far as the same has been recorded, in relation to the estate of Champ- ness Terry, deceased."

The signature and attestation follows, and the following certificate is subjoined :

" *State of Mississippi, Hancock county.*

"I, Noel Jourdan, judge of probates for the county aforesaid, do hereby certify, that Willis H. Arnold, whose name appears signed to the foregoing certificates, was, at the time of signing the same, and still is, the legal clerk of the probate court, and the register of the orphans court of Hancock county aforesaid, and that the said certificates and copies are made out and certified in due form of law."

The objections to the introduction of the record were placed, in the court below, on four grounds :

1. Because the proceedings were *inter alias acta ;* that is, to say, between third persons.

2. Because it does not appear that the certificate of the judge, certifying to the attestation of the clerk, is the certificate of the presiding judge, as required by law.

3. Because the proceedings, in said record, shew that they took place before different tribunals, and different judges, with different certificates.

4. Because the different documents, embodied in said record, are many of them distinct and separate proceedings, with certificates, shewing the want of unity in the record.

I. The first ground we think untenable. The deceased Terry, was the trustee of the plaintiffs. Their father brought an action against him to have the deed rescinded, and the property conveyed by it redelivered., The judgment condemned Terry to do so, or pay a certain sum of money. The defendant sets up a claim as assignee of that judgment ; and further asserts, that she holds the property under a sale made by the court of probates of the State of Mississippi.

Eastern District,
*April* 1831.

DISMUKES & AL
*vs.*
MUSGROVE.

If the plaintiffs claim through a deed made to the trustee, he is not a third party to them in relation to any proceedings which may have taken place in respect to the property he held in that capacity.

Where the certificate is signed by a person who styles himself Judge of Probate, he will be presumed to be the sole judge of the court.

The records offered were legal evidence to sustain that allegation : whether they conveyed to her a good title, was another question.

The plaintiffs claim through a deed made to the trustee, and he is, therefore, not a third party, to them, in relation to any proceedings which may have taken place in respect to the property he held in that capacity. What effect these proceedings could have, or had, on their rights, we will examine hereafter, when we come to a consideration of the merits.

II. The certificate purports to be given by a person who signs himself judge of probates. The act of Congress requires a certificate from the judge, chief justice, or presiding justice, as the case may be. This enactment contemplates, that where the court is composed of one judge, he shall sign as judge, without any addition ; but where it is composed of more than one, he shall distinguish and shew that he is chief justice, or presiding magistrate. When the attestation comes from one who styles himself *judge*, it is not necessary he should add, he is the sole judge, or that there are no others than himself who constitute the court. He would not be judge of the court, but one of the judges of it, if there were more than himself. In the case of Scott *vs.* Blanchard, we admitted the record on the certificate of a person styling himself chancellor, without any addition that he was the only person who presided in the tribunal from which the record professed to come ; though in some of our sister states it is not uncommon for their courts of that description to be composed of more than one chancellor.—8 *N. S.* 303.

The case to which we are referred in 2d N. S, is not that before the court. The observations contained in the opinion must be taken with reference to the facts there presented for decision. The judge, in that instance, certified he was judge of a certain district, and did not say he was judge of the court from which the record was taken.

It has, however, been contended, that by looking into the record, it is seen that the court is composed of more than one judge. This fact is deduced from a certificate given by one of the associate judges to a part of the record, as has been already stated, which has a distinct certificate of the clerk. That certificate was given three years previous to that on which the record was offered and admitted in the court below. The presumption, we think must be, that the organization of the court was changed in the mean time. But if we go beyond the certificate, on which the law says the record shall be legal evidence, we see, also, that the person who signs the certificate as judge, was previous thereto, chief justice, and not one of the associate judges. So that whether we take it under the certificate, or by the evidence offered to impair its validity, there is no ground to refuse faith and credit to the record.

III. How the record came to be made up of what was originally distinct copies, containing separate certificates, we do not know. It is, certainly, an unusual mode of bringing the proceedings of one court, before another, in evidence. It most, probably, arose from the party having obtained copies, of separate portions of the record, at different times; and having carried these copies to the clerk, when he wanted a full and complete transcript. The latter, to save time, or from some other cause, added to them the subsequent proceedings, in the settlement of the estate. But be the cause what it may, of the record taking this shape, there is nothing in the facts just stated, which would authorize us to reject it. The clerk certifies that the transcript contains a copy of all the proceedings; and whether that transcript was made out at one, or at different times; or whether it contains one or more certificates, the faith and credit due to it, under the act of Congress, is not impaired.

We discover nothing to sustain the objection, on the ground that the record is of proceedings in different courts.—

Throughout, they are stated to be in the Orphans court and court of Probates, and it is seen that the judge of Probates presides in the former. The clerk certifies, that he is register of the one, and clerk of the other. The certificate states, that the record contains *all* the proceedings in both courts. The judge attests the certificate to be in due form of law. The act of Congress gives to the judge of the court, from which the record is brought, the exclusive power of judging of the mode in which it should be made up, and certified by the clerk.

IV. The fourth objection is disposed of by the observations made on the third.

The bill of exceptions, in relation to the introduction of the record, of the suit in the court of Chancery, in the State of Mississippi, presents again a question which has been particularly examined, in this court, when the cause was last before us. We see no reason to change the opinion already expressed.—8 *N. S.* 383.

There is another to the admission of notes executed by the defendant. We think the evidence authorized the judge *a quo,* to conclude that they made a part of the *res gesta,* and, as such, they were good evidence under the opinion already expressed.—*See* 8 *N. S.* 379.

In the conclusion, to which the jury and court below came on the merits, no error was committed. The title, under which the plaintiffs claim, was a donation disguised under the form of a *stipulation pour autrui.* Until accepted, the donor had a right to revoke it ; and the suit instituted in the court of Chancery, in the State of Mississippi, clearly operated as a revocation. Minors, by the express provisions of our law, in force at the time of the contract, stood in the same situation as majors, as it relates to donations; and the want of acceptance, by them, produced the same effect.— *Civ. Code,* 220, 222, arts. 57 and 65.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.