Mr. Chief Justice Johnson delivered the opinion of the court. To this bill the defendants interposed their plea in which they alleged that the complainant had previously exhibited his bill in the same court against them for the same matters and causes and to the same effect, and for the like relief as that which is now demanded and set forth, that to the former bill they interposed their demurrer, which was sustained by the court, and they dismissed and discharged, and that the complainant at the same term of the court prayed an appeal which was then and there granted. They then averred that by means of the judgment and order granting the appeal, the jurisdiction of tl;o cause and the matters thereof was transferred to the said Supreme Court, and that the matters and things arising upon su'u^fili had not been adjudicated, or in any wise determined by .;aid Supreme Court, wherefore they pleaded said former bill, and the proceedings to final decree therein, and the appeal therein, in bar of the present bill, &c., and then concluded by praying the judgment of the court whether they should be compelled to make answer to said bill, .and to be dismissed with their costs, áse. The record shows an agreement by the parties, that this plea should be tried as well upon its sufficiency of form and substance as upon the truth of the allegations therein contained. The court below, upon the hearing, found the plea to be true and sufficient in substance, form and fact, and decreed that said plea be sustained, and that the complainant be barred from having or further prosecuting his bill in this cause against these defendants, and that said bill be dismissed, &c. Under this agreement the legal sufficiency of the plea is still an open question, and if the defence therein contained shall be found to be insufficient in law to bar the present suit, there will be an end of the case, and we shall be relieved of the necessity of passing upon the evidence adduced to establish its truth. The plea, though in terms in bar, is essentially in abatement as well in its subject matter as in its conclusion. We shall therefore treat it as a plea in abatement, and proceed to determine upon its legal sufficiency to defeat the present suit. Is this plea so framed as to come up to the legal standard? As these pleas delay the trial of the merits of the action, the greatest accuracy and precision are required in framing them; they should be certain to every intent and be pleaded without any repugnancy. (See 1 Chitty’s Pl. 444.) It is also a rule in pleading that the plea shall be direct and positive in its allegations and not argumentative. This plea, when setting up the pendency of the first suit in this court, averred that by means of the judgment and order granting the appeal, the jurisdiction of the cause and the matters thereof was transferred to the said Supreme Court, and that the matters and things arising upon said bill had not been adjudicated or in any wise determined by said Supreme Court, wherefore they pleaded^said former bill and the proceedings to a final deeree therein, arid the apneal therein in bar of the present bill, &c. This is most clearly not such an averment of the substantive facts necessary to make the defence attempted to be set up .as .the law of pleading would recognize. There is no substantive averment that the appeal was ever certified to this court, or that it is still pending here, but on the contrary we are left to infer that these essential requisites have been complied with, from the allegations that a decree had been rendered, and an appeal prayed and granted, and from the argument that thereby the jurisdiction of the cause had vested In this court, and that the matters and things arising upon said bill had not been adjudicated or in any wise determined by said Supreme Court. The necessity for specific and substantive averments to the effect that the appeal had been regularly certified to this court, and that the same was still pending, is clearly deducible from the case of Clay’s ad. v. Notrebe’s Ex., (6 Eng. Rep. 639.) We are therefore clear that the certificate of the appeal and its pendency in this court, are not stated with that degree of directness and precision required by law, and that consequently the plea is insufficient and ought to have been overruled. But let it be supposed that the plea is in fact what it purports on its face, which is a plea in bar, and then see whether it could so operate upon the state of facts as presented by the record. The decision of this question will depend upon the fact of whether the decree in the former action was directly upon the merits of the question in controversy, or whether it only operated to defeat the bill for the time being, but without having drawn in question the real merits of the cause. The case of Lipping v. Kedgwin, (1 Mod. 207,) is directly in point. In that case, an action in the nature of a conspiracy was brought by the plaintiff against the defendant, in which the declaration was insufficient. The defendant pleaded an ill plea, but judgment was given against the plaiqtiff upon the insufficiency of the declaration, which ought to have been entered Quod defendens eat inde sine die, but by mistake or out of design, it was entered Quia placetum praedic-tum in forma praedicta superius placelat, materia que in eodem con-tento, bonum et sufficiens in lege existet etc., ideo consideratum est per Cur, quod Quer. nil capiat per billam. The plaintiff brings a new action and declares aright. The defendant pleads the judgment in the former action and recites the record verbatim as it was, to which the plaintiff demurred. And judgment was given for the plaintiff, nisi causa, Sfc. North, Chief Justice, said, “There is no question but that if a man mistake his declaration and the defendant demurs, the plaintiff may set it right in a second action. But here it is objected that the judgment is given upon the defendant’s plea. Suppose a declaration be faulty, and the defendant take no advantage of it, but pleads a plea in bar, and the plaintiff takes issue, and the right of the matter is found for the defendant, I hold that in this case the plaintiff shall never bring his action about again; for he is estopped by the verdict. Or suppose such a plaintiff demur to the plea in bar: there, by his demurrer, he confesseth the fact, if well pleaded, and this estops him as much as a verdict would. But if the plea were not good, then there is no estoppel. And we must take notice of the defendant’s plea; for upon the matter as that plea falls out to be good or otherwise, the second action will be maintainable or not.” The other judges agreed with him in omnibus. The case of Rosse and others, assignees of Snow v. C. Rust and others, representatives of A. Rust, (4 J. Ch. Rep. 299,) and Neafie v. Neafie, (7 J. Ch. Rep. 1,) are equally direct and conclusive upon the question. In the former of those cases, there was a decree dismissing the bill in the first suit at the hearing (the cause having been set down for hearing by the defendant upon leave previously had and obtained on a previous default of the plaintiff,) because no person appeared on the part of the plaintiff. Upon that state of fact, the question was whether the decree in the former suit was a bar to the latter. The court, when responding to this issue, said, “The merits of the former cause were never discussed, and no opinion of the court has ever been expressed upon them. It is therefore not a cáse within the rulé rendering a decree a bar to a new suit. The ground of this defence by plea is, that the matter has been already decided, here has been no decision on the matter. In Brondlyn v. Ord, (1 Aik. 571,) Lord Hardwick said “that where the defendant pleads a former suit, he must show it was a res adjudicóla, or absolute determination of the court that the plaintiff had no title. A bill dropped for want of prosecution, is not to be pleaded as a decree of dismission in bar to another bill.” The same doctrine is stated in Lord Redesdale’s Treatise. (Milf. Pl. p. 195.) The decree in this case was equivalent to adjudgment of non-suit at law. The plea was overruled, and the defendants ordered to answer. The same court, in the case last referred to, said, “A bill regularly dismissed upon the merits may be pleaded in bar of a new bill for the same matter, for if the same matter or the same title should be drawn into question again by another original bill, it would as the cases say, introduce perjury, and make suits endless.” The cases to this point were referred to in Perine v. Dunn, (4 J. Ch. Rep. 142.) But in the cases I have looked into upon dismission of former bills, the new bill was brought by the same party who filed the original bill, and there is said to be a material distinction between a new bill by such a party and a new bill concerning the same subject by the defendant in the first suit. To make the dismission of the former suit a technical bar, it must be an absolute decision upon the same point or matter; and the new bill it is said must be by the same plaintiff, or his representatives, against the same defendant or his representatives. A decree dismissing a bill upon the merits does not establish any new right to be carried into effect; it only declares that the plaintiff has failed to establish the equity which he had set up, and if he has had his claim dismissed upon the merits, he ought not to be permitted to sue the defendant again, with a fresh introduction of his claim.” The same doctrine is laid down in the case of Perine v. Dunn, (4 John. Ch. Rep. 141), where numerous authorities are cited by the court. It is clear that under these authorities the matter set up in this plea, if considered as pleaded in bar, is not a bar to this suit, and that therefore, even upon that ground, it should also have been overruled. We are satisfied, therefore, from every view which we have been able take of the defence set up in this case, that it is wholly insufficient to defeat the present suit, and that consequently the court below erred in deciding otherwise. It is therefore ordered, adjudged and decreed, that the decree of the Pike Circuit Court herein rendered, be and the same is herey reversed, annulled, and set aside with costs, and it is further ordered that the cause be remanded to said Circuit Court to be proceeded in according to law, and not inconsistent with this opinion,