## LOW, Assignee, *v.* BURROWS.

| 12 | 181 |
|----|-----|
| 81 | 559 |
| 12 | 181 |
| 104 | 414 |
| 12 | 181 |
| 114 | 261 |

Under the Act of Congress respecting the authentication of the record of a Court of one State to be used in another, it is only necessary that the certificate should state the main facts which are made necessary by the Act, when the offices of Judge and Clerk are both vested in one person.

A certificate of the proceedings of the Surrogate's Court of New York, which states that A. W. Bradford is Surrogate of the City and County of New York, and acting Clerk of the Surrogate's Court ; that he has compared the transcript of the papers with the original records in the matter of the estate of William Young, and finds the same to be correct, and a true copy of all the proceedings ; and that the certificate is in due form of law—in testimony whereof he sets his hand and affixes his seal of office—is sufficient.

In an action on a judgment obtained in another State, where the transcript of the judgment shows the jurisdiction of the Court on its face, it is not necessary to aver jurisdiction.

An administrator of an estate in New York, has the right to assign, for a valuable consideration, a judgment obtained there by the intestate in his lifetime, and against a person who has since removed to this State

Appeal from the Fourth District, County of San Francisco.

This was an action brought on a judgment obtained in New York.

Low *v.* Burrows.

One William Young recovered judgment in 1851, in the Court of Common Pleas of New York, against defendant. Afterwards, in 1853, Young having died, his son of the same name took administration on his estate in the Surrogate's Court of the City of New York. Young, the administrator, transferred and assigned to one Swartwout this judgment, who afterwards transferred it to the plaintiff, who instituted this suit. On the trial, plaintiff offered in evidence an exemplification of the proceedings of the Surrogate's Court of New York. The certificate of the Surrogate is as follows:

" STATE AND COUNTY OF NEW YORK, }
      SURROGATE'S OFFICE.      }

" I, Alexander W. Bradford, Surrogate of said County, and acting as Clerk of the Surrogate Court, do hereby certify that I have compared the foregoing copy of the petition, bond, letters of administration, etc., in the matter of granting letters of administration on the estate of William Young, deceased, with the original record thereof, now remaining in this office, and have found the same to be a correct transcript therefrom, and of the whole of such original record, and that this certificate is in due form of law.

" In testimony whereof I have hereunto set my hand and affixed my seal of office, this twelfth day of July, in the year of our Lord one thousand eight hundred and fifty-five, and of our Independence the eightieth.

{ SEAL }
                               A. W. BRADFORD,
                                   *Surrogate.*"

To the introduction of this transcript in evidence, the defendant objected, on the ground that the Surrogate's certificate was not sufficient under the Act of Congress, to admit it to evidence, and on the further ground that the complaint contained no averment that the Surrogate's Court had jurisdiction. The Court sustained the defendant's objection, and the transcript was not read in evidence.

Plaintiff then offered in evidence the assignment of the judgment by the administrator, which was admitted under the objection of the defendant that the administrator could not make the assignment.

Defendant had judgment. Plaintiff moved the Court for a new trial, which was denied, and he appealed to this Court.

*Thornton & Thornton* for Appellant.

*First.* Judgments are assets where they are given or acknowledged. They then are *bona notabilia,* and are to be administered by the ordinary Courts of that jurisdiction. Attorney General *v.* Bowen, 4 Meeson & Wesley, p. 171, and note at the end of the case; 1st Wm. Errors, p. 171, citing Dyer, 305, *a* in margin; Kegg *v.* Horton, 1 Lutor, 401; Gold *v.* Strode, 3 Modern, 324; S. C. Carth. 148; Adams *v.* Savage, 2 Ld. Raymond, 855; S. C. 1 Salkeld, 140; Carlisle *v.* Greenwood, 7 Modern, 15; Anon., 8 Mod. 244; 1 Saund. 275, *a* 3 to Rex *v.* Sutton.

Bonds are assets where they are at the time of the death of the testator or intestate. (1st Wms. on Errors, *ut supra.*) A judgment should be assets where recovered—it may ripen into an estate in lands. By the statute Westm. 2d, a statute so old as to constitute a part of the common law, it is a lien on land. Execution issues in the jurisdiction where the judgment is recovered, and can issue nowhere else. In Cosby *v.* Gilchrist, (7 Dana, p. 207) a judgment recovered in Kentucky is spoken of as assets locally situate in Kentucky, and to be there administered by the local administrator.

*Second.* If a foreign administrator has, in virtue of his administration, reduced the personal property of the deceased there situated, into his own possession, so that he has acquired the legal title thereto, according to the laws of that country, if that property should afterwards be found in another country, or be carried away and converted there against his will, he may maintain a suit for it there, in his own name and right, personally, without taking out new letters of administration, for he is to all intents and purposes the legal owner thereof, although he is so in the character of trustee for other persons. Story on Confl. of Laws, sec. 516.

*Third.* See Story's Confl. of Laws, sec. 517.

*Fourth.* The *lex fori* allows the action here in the name of the assignee. Prac. Act, sec. 4; Harper *v.* Butler, 2 Pet. 239; Story's

Confl. of Laws, secs. 358–9, approving Harper *v.* Butler, and disapproving a Maine case; Stearns *v.* Burnham, 3 Greenl..261.

*Stanly & Hays* for Respondent.

The Court below did not err in excluding the transcript of proceedings had in the Surrogate's Court of the County of New York ; for,

*First.* The proceedings were not certified so as to entitle them to be read in evidence, either under the Act of Congress, or under section 450 of our Practice Act.

*Second.* There is no averment in the complaint, nor was there any proof, that the Surrogate's Court had jurisdiction to issue letters of administration upon the estate of the decedent, and it being a Court of special, limited and inferior jurisdiction, all the facts requisite to confer jurisdiction must be both averred and proved by those claiming any right through its decree.

*Third.* The Court could not admit in evidence or take notice of any letters of administration granted in another State.

They will not support an action out of, but are confined in their operation to, the territorial jurisdiction of the Court granting them.

*First Point.* The Act of Congress (U. S. Statutes at Large, vol. 1, page 122) and section 450 of our Practice Act, as to who the certificate is to be made by, and how it is to be made, are precisely alike, the latter being copied from the former. They provide that the rcords and judicial proceedings of the Courts of any other State, to entitle them to be admitted as evidence, shall have " the attestation of the Clerk and the seal of the Court annexed, if there be a seal, together with a certificate of the Judge, Chief Justice or Presiding Magistrate, as the case may be, that the same is in due form."

It has been uniformly held that parties wishing to avail themselves of this Act, must show a strict compliance with its requirements.

Does the certificate in question comply with the statute ? Has it been attested to by " the Clerk," with the " seal of the Court," " together with a certificate of the Judge ?"

It does not purport to come from the Court, but from the " Surro-

Low *v.* Burrows.

gate's Office." It reads: " State and County of New York, Surrogate's Office, ss." It then proceeds: " I, Alexander W. Bradford, Surrogate of said county," (he might be Surrogate of the county, and yet not the Surrogate of the Court, or he might not be the sole, chief or presiding Surrogate) " and acting as Clerk of the Surrogate's Court."

A certificate by a person " acting as Clerk is not sufficient, for the Clerk who certifies the record, must be the Clerk himself of the same Court, or of its successor ; the certificate of his under Clerk, in his absence, or of the Clerk of any other tribunal, office, or body, being held incompetent for this purpose." 1 Green. Ev., sec. 506, and cases there cited.

It does not appear but what the Court had a Clerk distinct and separate from the Judge, and the statute requires an attestation by the " Clerk, together with a certificate of the Judge."

" This, it is said, is founded on the supposition that the Court whose proceedings are to be thus authenticated, is so constituted as to admit of such officers." 1 Green. Ev., sec. 505 ; Warren *v.* Flagg, 2 Pick. 450.

The certificate proceeds: " In testimony whereof, I have hereunto set my hand and affixed my seal of office."

The statute requires the " seal of the Court." It is no answer to this to say, " that the seal of office performs a double duty, that it is either the seal of office or the seal of the Court as occasion may require." This may be true, but if it can be made to serve in two characters, it must appear in which of them it was used. Here the certificate says, in effect, that the seal was intended as the seal of office of the Surrogate, and not as the seal of his Court.

The Surrogate may do many acts out of Court, to which he would affix his seal of office, while those acts done in Court would have the seal of the Court attached. The capacity in which the seal was used determines its character and effect. It is signed, "A. W. Bradford, Surrogate."

It therefore does not pretend to be " attested by the Clerk," but by the Surrogate alone. If he was both Surrogate and Clerk, it ought to have been, " Surrogate and Clerk," or " Surrogate and *ex*

12

*officio* Clerk ;" and then in addition there ought to have been a further certificate by him as Surrogate alone, for " the seal of the Court must be annexed to the record with the certificate of the Clerk, and not to the certificate of the Judge." 1 Green. Ev. sec. 506 ; State of Ohio *v.* Henchman, 27 Penn. State Rep. 480.

The certificate of the Judge is no part of the record. Turner *v.* Waddington, 3 Wash. C. C. Rep. 126.

Could a mere recital in the certificate of the different offices he filled affect the character of his signature ?

The County Clerk of San Francisco county, is *ex officio* Clerk of the Fourth District Court, Twelfth District Court, County Court, Court of Probate and Court of Sessions. Would a certificate by him, containing this recital, and signed simply " Wm. Duer, County Clerk," be considered by this Court as a certificate of the Clerk of the Probate Court ? Clearly not.

*Second Point.* " The jurisdiction of a Court or Magistrate of special and limited authority, is not to be presumed, but must be averred and proved."

" In such a case a general averment of jurisdiction is not sufficient, but the facts necessary to confer it must be set forth." The People *v.* Kœber, 7 Hill, 39 ; Dakin *v* Hudson, 6 Cowen, 224.

" It necessarily results from the rule, that the jurisdiction of inferior Courts must appear affirmatively, and cannot be presumed ; that all the facts requisite to confer jurisdiction must be averred and proved, whenever the proceedings of such tribunals are relied on, either as a defense or cause of action." 1 Smith's Leading Cases, p. 818, and cases there cited ; Cleveland *v.* Rogers, 6 Wend. 440 ; Corwin *v.* Merritt, 3 Barb. 343 ; Bloom *et al. v.* Burdick, 1 Hill, 130 ; Cornell *v.* Barnes, 7 Hill, 37, note *e* ; Barnes *v.* Harris, 3 Barb. 605 ; Turner *v.* Roby, 3 Comst. 193.

In Bement *v.* Wisner, (1 Code Rep. N. S. 143) was that of a complaint on a judgment of the U. S. Circuit Court.

The complaint averred that the Court had jurisdiction, and that the judgment was duly given. The defendant demurred, and claimed that the judgment was a foreign judgment, and that the plaintiff was bound to show that the Court had jurisdiction.

Low v. Burrows.

. The Court overruled the demurrer, but upon the ground that "jurisdiction is intended of the U. S. Circuit Courts."

The Court by this decision impliedly admitted that if the judgment had been a foreign one, the section of their Code would not have applied.  Hollister v. Hollister, 10 How. and Practice Rep. 539; 3 Barb. 603.

"In a complaint upon a cause of action dependent upon the laws of other States, a general averment is insufficient.  The laws relied upon must be averred and proved."    Throop v. Hatch, 3 Abbott's Practice Rep. 23; Pomeroy v. Ainsworth, 23 Barb. 118.

*Third Point.* The Court could not admit in evidence or take notice of letters of administration granted in another State.  They will not support an action out of, but are confined in their operation to the territorial jurisdiction of the Court granting them.

Chancellor Kent, in Morrell v. Dickey, (1 John. Ch. Rep. 156) says: "It is well settled that we cannot take notice of letters testamentary or of administration, granted abroad, and that they give no authority to sue here."

"This is not only the law in England, but it has been very generally adopted in this Country."    Williams v. Storrs, 6 John. Ch. R. on page 357; Doolittle v. Lewis, 7 John. Ch. Rep. on page 47; Fenwick v. Sears' Administrators, 1 Cranch. 259.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

One William Young recovered judgment in 1851, in the Court of Common Pleas of New York, against defendant.  Afterwards, in 1853, Young having died, his son, of the same name, took administration on his estate in the Surrogate's Court of the City of New York.  Young, the administrator, transferred and assigned to one Swartwout this judgment, who afterwards transferred it to the plaintiff.  The questions made on the trial of the case in the Court below were these :  1.  That the exemplification of the proceedings of the Surrogate's Court was not sufficient to admit it in evidence—the certificate not being in form or substance as prescribed by Act of Congress, or the statute of this State.    2.  That the administrator in New York had no right to assign

the judgment—the debtor residing at that time beyond the State of New York.

As to the first question : It seems that the Surrogate is Judge and Clerk of the Court.   This being so, it is only necessary that the certificate should state the main facts which are made necessary by the Acts of Congress to the authentication of the records of a Court, which has both Judge and Clerk.   In this case the certificate states that A. W. Bradford is Surrogate of the City and County of New York, and acting as Clerk of the Surrogate's Court ; that he has compared the transcript of the papers with the original records in the matter of the estate of William Young, and finds the same to be correct, and a true copy of all the proceedings ; and that the certificate is in due form of law.

In testimony of which he sets his hand and affixes his seal of office.

We do not see what more could be required to authenticate to us the records which the officer certifies.   The papers show upon their face the jurisdiction of the Court.   It is not necessary that the complaint should aver this jurisdiction, and if it were, the defect should have been noticed by demurrer, not by motion to exclude or objection to the admissibility of the transcript.

The second objection is equally untenable.   We concede that the administrator has power over only those assets within the State where letters are granted ; and we might concede that in the case of notes, bonds, etc., on debtors who live and have their property beyond the jurisdiction, the administrator has no jurisdiction or dominion.   But this is not the case in respect to judgments.   There can be no doubt if a debtor, against whom the intestate in his lifetime obtained judgment, though at the time of the death of the intestate the debtor was beyond the jurisdiction, afterwards came within the jurisdiction, the administrator might proceed to collect the money from him.   The effect of a judgment, as such, unlike a note, is confined to the State where rendered.   It is therefore record evidence of a debt.   It may be sued on, it is true, out of the State.  But it is not easy to see how an administrator of the creditor in California could take to himself as assets a judgment remaining on record in New York, merely from the fact that the debtor happened, for the time being, to reside in California.   If the debtor went back to New York, or had property there, it is clear

that the California administrator could not collect the money.  If he collected anywhere, it would not be by virtue of the judgment in New York vesting in him any title to it, but merely because the transcript of the judgment gave him evidence upon which he might sue.   The judgment is a record, and for any use to be made of it, or any power to enforce it, by execution or other process, must belong to the administrator in New York; or this anomaly would result : That the administrator in California would own the judgment for the purpose of suing on it in California, and the administrator in New York would own it for the purpose of collecting it by issuing execution in New York.   We think no such doctrine can be maintained.

If the New York administrator owned it for one purpose—for the purpose of collecting it by execution in New York—he owned it for the purpose of receiving the money on it ; if the defendant chose voluntarily to pay it, it matters not where the defendant resided at the time.   If he could receive the money or collect it, he could assign it for value.

The authorities cited by the appellant maintain this distinction.  (See particularly Attorney General v. Bowmens, 4 Meis. and W. 171.) Lord Abinger laid down the rule thus :   " Whatever may have been the origin of the jurisdiction of the ordinary to grant probate, it is clear that it is a limited jurisdiction, and can be exercised in respect of those effects only, which he would have had himself to administer in case of intestacy, and which must therefore have been so situated as that he could have disposed of them *in pios usus*.   As to the locality of many descriptions of effects, household and movable goods, for instance, there never could be any dispute ; but to prevent conflicting jurisdictions between different ordinaries, with respect to choses in action and titles to property, it was established as law that judgment debts were assets, for the purposes of jurisdiction, where the judgment is recorded ; leases where the land lies ; specialty debts where the . instrument happens to be ; and simple contract debts where the debtor resides at the time of the testator's death ; and it was also decided that, as bills of exchange and promissory notes do not alter the nature of the simple contract debts, but are merely evidences of title, the debts due on these instruments were assets where the debtor lived, and

not where the instrument was found.   In truth, with respect to simple contract debts, the only act of administration that could be performed by the ordinary would be to recover or to receive payment of the debt, and that would be done by him within whose jurisdiction the debtor happened to be." (So it said in Vaughn *v.* Barrett, 5 Vermt. 333.) " An idea seems to have been entertained, that the jurisdiction over the debt in this case followed the person of the creditor.   But it is to be observed that jurisdiction or the right of administration in respect to debts due a deceased person, never follows the residence of a creditor.   They are always *bona notabilia,* unless they happen to fall within the jurisdiction where he resided.   (See Bac. Ab. Exois E. Cro. Eliz. 472.) Judgments are *bona notabilia* where the record is.   (Ld. Rayd. 855 ; Carth. 149 ; 8 Mod. 244 ; Anon 6 Geo. II., cited by Selw.) Specialties where they are at the time of the creditor's decease (Sum. *v.* Dobson, cited in Selw. N. P. ; Byon *v.* Byron, Cro. Eliz. 472), and simple contracts where the *debtor resides* (Carthew, 373 ; Salk. 37 ; Ld. Rayd. 562)."

In this last case, one Matt recovered judgment in Vermont ; administration was taken on the plaintiff's estate in that State ; the plaintiff resided in New York at the time of judgment, and also at the time of his death ; the defendant in the judgment procured and pleaded a release from the New York administrator.   The Supreme Court of Vermont held the release ineffectual ; and it was in answer to the argument that the debt followed the residence of the creditor, that the Court used the language above quoted.   Had the judgment been obtained in New York, it is clear, from the reasoning and authorities cited by the Court, that it would have upheld the power of the New York administrator over the judgment, as assets of that jurisdiction. In fact, the right of the Vermont administrator is placed upon the fact of the rendition of the judgment there.

The industry of the counsel of respondents has collected numerous cases in which the power of administrators over assets of the estate has been declared, but he has cited no case which denies the right of the administrator of the creditor of the deceased to control or collect a judgment rendered within the jurisdiction where letters were granted, although the debtor resides in a different jurisdiction.

The right of an administrator, at common law, to assign the choses in action of the intestate is not denied; and nothing in the legislation or jurisprudence of New York to the contrary has been shown.

The Court below excluded the record offered on the trial, and this was excepted to. This exclusion might have induced the plaintiff to decline introducing complete proof of the assignment, etc., as, if introduced under the ruling of the Court, it would have been insufficient to maintain the action.

The judgment of the Court below is reversed, and cause remanded.