## Thomas Orman v. Julian Neville.

A record of judicial proceedings in another State, is sufficiently authenticated when certified to by a Judge, before whom, it appears from the record itself, all the proceedings in the case were had, and who states in his certificate that he is one of the Judges of the court, and that all the Judges of said court are equal in authority, and each one is authorized to sign such a certificate.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*Waples & Eustis*, for plaintiff and appellant. *P. E. Bonford*, for defendant.

VOORHIES, J. The plaintiff obtained a judgment against the defendant in the Court of Common Pleas of Hamilton County, Ohio ; and had it revived by *scire facias* on the 12th day of March, 1853. This judgment is the basis of the present demand, to which the defendant opposes the plea of prescription and the general denial.

On the trial below, the plaintiff offered in evidence the transcript of a record from the Court of Common Pleas, to prove the revival of this judgment ; but, on motion of the defendant's counsel, the document was rejected, on the ground " that the certificate of the Judge to the said transcript, did not show that the said Judge was sole Judge, or presiding Judge, or Chief Justice."

This ruling is erroneous ; it appears by the document itself, that the case was tried, and the judgment of revival signed, by *A. C. W. Carter*, as president Judge ; the certificate given by him states, that he is " one of the Judges of the Court of Common Pleas, for the First District, within and for the State of Ohio, the same being a court of law and record, in and for the county of Hamilton, and the said Judges being equal in authority, and each authorized to sign such certificates." 2 La. 338, *Dismuke* v. *Musgrove ;* 2 N. S. 497, *Kirkland* v. *Smith ;* 2 An. 646, *Newman* v. *Goza.*

With regard to the prescription of judgments, the Statute provides the lapse of ten years. Act of 1855, p. ——. As ten years have not elapsed since the revival of the judgment obtained by the plaintiff against the defendant in the State of Ohio, the plea of prescription cannot prevail in this instance.

It is, therefore, ordered, adjudged and decreed, that the plaintiff do have judgment against the defendant, for the sum of two thousand seven hundred and eight dollars and sixty-one cents, with six per cent. per annum interest, from the 6th day of November, 1837, on the sum of two thousand six hundred and ninety-six dollars ; and on the balance, from the 12th day of March, 1853, subject to the credit of six hundred and forty-one dollars and twenty cents. It is further decreed, that the judgment of the District Court be avoided and reversed ; the defendant and appellee paying costs in both courts.