[Filed January 12, 1886.]

## HORATIO KEYES *v.* JOHN MOONEY.

EVIDENCE—FOREIGN JUDGMENT—TRANSCRIPT—AUTHENTICATION.—Where the judge's certificate to a transcript of a judgment from another state does not show that he is the sole judge, or the chief judge or presiding magistrate of the court in which it was rendered, such transcript is not thereby rendered inadmissible in evidence, unless it affirmatively appears

from the record that such court was composed of more than one judge or magistrate.

SAME—DATE—CLERICAL ERROR.—Where such judge's certificate bears a date anterior to the date of the attestation by the clerk, but refers to the latter as then in existence, it will be presumed that the discrepancy is a clerical error, and should be disregarded.

MULTNOMAH COUNTY.    Plaintiff appeals.    Reversed and new trial ordered.

*Joseph Simon,* for Appellant.

*Henry E. McGinn,* for Respondent.

THAYER, J.   This appeal is from a judgment rendered in the Circuit Court for Multnomah County.   The appellant's complaint is founded on a judgment rendered in the Circuit Court for Ionia County, state of Michigan, in favor of these appellants, and against this respondent, for the sum of $155.95, and $21.10 costs.   Upon the trial on the general issue in the court below, the appellants offered in evidence, to sustain their action, a transcript of the judgment of the Michigan court, accompanied by the proper attestation of the clerk of the said court, to which was attached a certificate, as follows:

"THE STATE OF MICHIGAN.

" *The Circuit Court for the County of Ionia, ss.—Ionia County.*

"I, Vernon H. Smith, circuit judge of the eighth judicial circuit, in and for the state of Michigan, said circuit comprising the counties of Ionia, Clinton, and Montcalm, do hereby certify that the annexed transcript and certificate attached thereto are in due form of law, and that Ralph D. Sessions is clerk of the said Circuit Court for the said county of Ionia, and duly authorized by law to make such certificate and transcript.

"VERNON H. SMITH, Circuit Judge.

"Dated March 1, A. D. 1884."

The certificate of the clerk is dated as of the third day of March, 1884, while, as is seen above, the judge's certificate is of date March 1, 1884. The respondent objected to the introduction of the transcript of said judgment, and the objection was sustained, upon the ground that the certificate of the judge did not show that he was the "judge" or "chief justice" or "presiding magistrate" of the court, as is required by the act of Congress for authenticating judicial records and proceedings. To this ruling of the court the appellants excepted. The appellants then offered in evidence certain sections of the statutes and constitution of the state of Michigan for the purpose of aiding the certificate, which offer was likewise objected to and refused by the court below. The court thereupon directed the jury to find a verdict for the defendant, and judgment was rendered accordingly against appellants.

It was urged by the respondent's counsel that the certificate of the judge was invalid in any event, since it bore a prior date to that of the attestation of the clerk. As it appears, however, that the certificate refers to the transcript and attestation as being then in existence, it must be presumed that the discrepancy in the date is a clerical error, and should therefore be disregarded.

As to whether or not the certificate of the judge was sufficient to fulfill the requirements, there is some difference of authorities.

Abbott's Trial Evidence lays down the rule to be that the certificate of one as judge of the court will be sufficient, unless it affirmatively appear that there was more than one judge of the court in question.

In *Central Bank* v. *Veasey*, 14 Ark. 672, the court said: "We might hold this authentication insufficient, were it not for the decision in *Butler* v. *Owen*, 7 Ark. 369, that when a judge in his attestation is described as judge of

the court, it is sufficient authentication under the act of Congress; and we are not inclined to depart from the precedent there established, in any case where, as in the present instance, there is nothing on the face of the record adduced from which it could be inferred that the court was composed of more than one judge or magistrate."

In *Low* v. *Burrows*, 12 Cal. 181, a certificate of "Alex. W. Bradford, surrogate of said county," etc., was held sufficient. Our own court, however, in *Pratt* v. *King*, 1 Or. 50, held a certificate insufficient in this respect, though it appears that the certificate was fatally defective in other respects. The same construction was adopted by Deady, J., in *Bennett* v. *Bennett*, 1 Deady, 299, and *Van Storch* v. *Griffin*, 71 Pa. St. 240. And Freeman on Judgments, secs. 413, 414, seems to hold that way; but we are inclined to the view that the certificate will be sufficient in the form of the one under consideration, where there is nothing in the record from which it could be inferred that the court was composed of more than one judge or magistrate. We have examined the copy of the said record, and are unable to discover anything from which any such inference could be drawn. The certificate itself would not certainly imply that there was any other judge of the said circuit, and we cannot presume there was—would be more inclined to presume therefrom that the said Vernon H. Smith was the sole circuit judge thereof. This view renders it unnecessary to pass upon the question of the admissibility of the constitution and laws of the state of Michigan. The judgment appealed from will therefore be reversed, and the case remanded for a new trial.