26446. BROWN *v.* BECKNER *et al.*

DECIDED OCTOBER 8, 1937. REHEARING DENIED NOVEMBER 5, 1937.

*A. B. Conger,* for plaintiff in error. *H. G. Bell,* contra.

FELTON, J. Where in a suit in this State on a foreign judgment, to which is attached the certificates of the judges of the court rendering the judgment and of the clerk of that court, to the effect that the two judges signing the judges' certificate were "the judges" of the court, since it does not appear from the record that there were more than two judges of the court, the record of the foreign State court would not be inadmissible because the certificate did not show that it was signed by the chief judge, the presiding magistrate, or the judge trying the case. Code, § 38-627; 22 C. J. 847, citing Georgia Central Bank *v.* Veasy, 14 Ark. 671; Butler *v.* Owen, 7 Ark. 369; Lowe *v.* Barrow, 12 Cal. 181; Hull *v.* Webb, 78 Ill. 617; Dismukes *v.* Musgrove, 2 La. 335 (46 Am. D. 548); Willock *v.* Wilson, 178 Mass. 68 (59 N. E. 757); Keyes *v.* Mooney, 13 Ore. 179 (9 Pac. 400). In such circumstances "the judges" is construed to mean "all the judges;" and

if all the judges of a court signed the certificate, it would make no difference that it was not signed by the chief judge or presiding magistrate as such. However, in this case the brief of evidence shows that the certificate of the clerk of the foreign-State court states that the two judges of the foreign court were simply "judges" of the foreign court, and does not state that they are "the judges" of that court. The copy of the clerk's certificate attached to the petition states that the two judges signing the certificate were "the judges," but there is no reference in the brief of evidence to the copy of the clerk's certificate attached to the petition; and this court can be governed only by what appears in the brief of evidence, or what is referred to or identified thereby as having been introduced in evidence. Since the certificate of the clerk, as shown by the brief of evidence, does not show how many judges of the foreign court there were, and the judges' certificate not having been signed by the chief judge or presiding magistrate as such, it was error for the court to admit in evidence the record of the foreign proceedings. The exception that the certificate did not show the foreign court to be one of record, not being insisted upon, is treated as abandoned. It was error for the court to admit in evidence the record of the foreign judicial proceedings, and to overrule the motion for new trial based on this error.

*Judgment reversed. Stephens, P. J., concurs. Sutton, J., concurs specially.*

SUTTON, J. I concur in the judgment of reversal, because it appears from the record here presented that the record of the foreign judgment, admitted in evidence over proper objection, was not certified to as prescribed by the Code, § 38-627, which provides how the records of judicial proceedings of another State shall be proved or admitted in evidence.