27694. BROWN *v.* BECKNER *et al.*

</div>

STEPHENS, P. J. 1. Under an act of the United States Congress (28 U. S. C. A. § 2687), providing for the method of proof of judgments rendered in the courts of another State, which have been adopted in terms by the legislature of this State, as appears in the Code, § 38-627, the records and judicial proceedings of a court of any State shall be proved and admitted in evidence in the courts of the State of Georgia by "the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, that the said attestation is in due form." This provision is applicable to proof of the records and judicial proceedings of the court of another State where that court has a clerk. In the trial of a case in a court in the State of Georgia, where the records and judicial proceedings of a court in the State of Florida are offered in evidence, and their correctness is certified to by the clerk of that court with the seal of the court annexed, the provisions of the Code section as to proof and attestation of such records are complied with. Such evidence is not inadmissible upon the ground that it does not appear that the court whose records and judicial proceedings are offered in evidence is a court of record.

2. A certificate that the clerk's attestation is in due form, made by two judges, in which they are described as "judges of the circuit court," etc., is not defective as failing to show on its face that it was made by "the judge, chief justice, or presiding magistrate" of the court, where it appears from a certificate of the clerk of that court that the two judges whose names are attached to the certificate made by the "judges" are "the judges of the circuit court," etc. The certificate of the clerk that

the judges who signed the other certificate are *"the judges"* of the court, is a certificate of the fact that the judges named are *all* the judges of that court. This is in effect that the certificate was made by the "judge, chief justice, or presiding magistrate," of that court. *Brown* v. *Beckner,* 56 *Ga. App.* 662 (193 S. E. 356).

3. The record was properly admitted as evidence establishing the rendition of the judgment by the court of the foreign State.

4. The rendition and existence of the judgment of the foreign State having been established without dispute by a duly and legally certified copy of the judicial proceedings of the foreign State, it was not error to admit parol testimony of the plaintiff that she had obtained the judgment.

5. It appearing conclusively and without dispute from the evidence that the judgment sued on, which was rendered against the defendant in the State of Florida, was a valid judgment of a court of the foreign State, and that the plaintiff had not transferred the judgment, and it had not been paid, a verdict directed for the plaintiff in amount sued for was demanded as a matter of law. No error appears otherwise.

6. The court did not err in overruling the defendant's motion for a new trial. *Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED OCTOBER 25, 1939.

*A. B. Conger,* for plaintiff in error. *H. G. Bell,* contra.