34030. ALBERT *v.* ALBERT.

Decided June 20, 1952—Rehearing denied July 16, 1952.

564

*Swift, Pease, Davidson & Chapman, Tom B. Slade, Doyle, Tomlin & Doyle,* for plaintiff in error.

*Hatcher, Smith & Stubbs, J. Willard Register,* contra.

SUTTON, C.J. "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effects thereof." Constitution of the United States, article 4, section 1; Code, § 1-401. "The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the attestation is in proper form. Such acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C.A. § 1738. Also see Code § 38-627. "The presumption in favor of the jurisdiction of a court of general jurisdiction is conclusive and its judgment can not be collaterally attacked where no want of jurisdiction is apparent of record. Whenever the record of such a court is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that whatever ought to have been done was not only done, but that it was rightly done. So, where the judgment contains recitals as to the jurisdictional facts, these are deemed to import absolute verity unless contradicted by other portions of the record." *Creaden* v. *Krogh,* 75 *Ga. App.* 675, 678 (44 S. E. 2d,

136). "A judgment of a sister State, authenticated according to the Act of Congress, is conclusive on the defendant as to all questions that he could have been heard on in the court when and before the judgment was rendered. But the judgment does not preclude the defendant from pleading any special matter in avoidance of the judgment, such as fraud in its rendition; want of notice, etc." *Sharman* v. *Morton*, 31 *Ga.* 34 (2, 3). "Where the lack of jurisdiction in the court of another State does not appear on the face of the record before this court, the jurisdiction of such foreign court will be presumed by the courts of this State." *Heakes* v. *Heakes*, 157 *Ga.* 863 (3) (122 S. E. 777).

The petition and the exhibits thereto show that the plaintiff obtained a decree in Ohio, in 1925, dissolving her marriage to the defendant and awarding her $10 per week for the maintenance of the children born of the marriage, until further order of the court, and that personal service of the divorce suit was made upon the defendant. The youngest child became 21 years of age in 1941, and the last payment became due in that year. See Thiessen *v.* Moore, 105 Ohio St. 401 (137 N. E. 906), holding that the courts of that State are without power to decree the maintenance of minor children beyond the date when such children arrive at their majority. By the terms of the order itself, granting support for the minor children, such support would not be continued after the time the children reached the age of 21.

In February of 1949, the plaintiff filed a petition, in the same court which had granted the decree for divorce and alimony, for a judgment reducing the unpaid instalments due under the 1925 divorce and alimony decree to a lump sum. The defendant was served by publication and by mailing a copy of the published notice and the petition to him at his address in Columbus, Georgia. This suit was not docketed under the same number as the original divorce suit, and the judgment therein, for $15,437.20 and $29.77 as costs of court, entered on November 29, 1949, is the basis of the present suit, which was filed in Muscogee Superior Court three months after the rendition of the Ohio judgment reducing the arrears of maintenance or alimony due and unpaid to a lump sum.

The question raised by these facts, taken as true on demurrer,

is whether the Ohio judgment of 1949, upon which the present suit is based, is one which is entitled to full faith and credit under the Constitution of the United States and the provisions of the act of Congress above quoted. In Griffin *v.* Griffin, 327 U. S. 220 (66 Sup. Ct. 556, 90 L. ed. 635), it was held that a New York judgment for accrued and unpaid instalments of alimony, which was entered in proceedings of which the defendant was given no notice whatever, although he had been served in the original divorce action, was not required to be recognized in the District of Columbia, where the defendant resided at the time the judgment for arrears was entered; but it was said in that case: "It is plain in any case that a judgment in personam directing execution to issue against petitioner, and thus purporting to cut off all available defenses, could not be rendered on any theory of the state's power over him, without some form of notice by personal *or substituted service.*" (90 L. ed. 640; emphasis added.) In a footnote it was added that, "We do not share in the apprehension that the cost of providing such notice as will satisfy due process requirements each time a proceeding is begun to docket a judgment for an accrued instalment of alimony will be incommensurately high. In various statutes New York has been able to provide for notice by mail, which is reasonably adapted to provide actual notice and inexpensive in its operation."

Courts of other States have recognized the jurisdiction of a court to render a judgment for arrearage of alimony without personal service, but with constructive service, upon a defendant of whom the court had jurisdiction in the original divorce suit. See Annotation, 168 A. L. R. 232, 234, and cases there cited. "A court retains jurisdiction of a divorce proceeding at all times to enforce a decree with respect to the payment of alimony." 27 C. J. S. 1032, Divorce, § 254. And in *Creaden* v. *Krogh*, 75 *Ga. App.* 675, supra, an Illinois judgment for accrued unpaid alimony instalments was enforced, although it did not appear that any notice had been given to the defendant or that he had appeared in the proceeding. In that case, however, the action could have been brought upon the instalments of alimony due under the original decree, as it was rendered within five years from the time the suit was filed in this State, and the instalments had accrued within that period.

Code § 3-701 provides that, "All suits upon judgments obtained out of this State shall be brought within five years after such judgments shall have been obtained." This statute does not begin to run against monthly alimony payments provided in a foreign judgment until maturity and failure to pay according to the requirements of the judgment. *McLendon* v. *McLendon,* 66 *Ga. App.* 156 (17 S. E. 2d, 252); *Heakes* v. *Heakes,* 157 *Ga.* 863, supra. The point raised by the defendant's demurrer with regard to this statute of limitations is that a suit in this State on the Ohio divorce decree of 1925, and on the instalments of alimony maturing according to the terms of that decree until the youngest child provided for in the decree attained his majority, in 1941, would have been barred by the statute after 1946, and the present action was brought in 1950. The present action, however, was brought not on the 1925 decree and on the instalments due thereunder, but on a judgment rendered in 1949, in which the unpaid instalments were reduced to a lump sum, and it was brought within the five-year period from the date of that judgment.

The 1949 judgment sued on, being properly authenticated and rendered by a court of a sister State, is to be given the same full faith and credit in the courts of this State as it would have in the courts of the State where it was rendered, according to the Constitution of the United States and the act of Congress above quoted. The petition and its attached exhibits do not show that the judgment sued on would have been ineffective in Ohio, where it was rendered.

Ordinarily, a decree for alimony payable in instalments is not a judgment within the meaning of the statute fixing a time when judgments shall become dormant unless an execution be issued thereon. *Cleveland* v. *Cleveland,* 197 *Ga.* 746 (30 S. E. 2d, 605); *Morrow* v. *Wainwright,* 177 *Ga.* 100 (169 S. E. 310); *Fischer* v. *Fischer,* 164 *Ga.* 81 (137 S. E. 821). In the last-named case, Ohio law is cited to the same effect. But if the original decree of 1925 had become dormant or unenforceable under the law of the State where it was rendered, this would have to be raised as matter of defense, as it does not appear from the plaintiff's pleadings.

The presumption of the validity of a foreign judgment may be

overcome by evidence as to the law of the State in which the judgment was obtained, showing that the judgment sued on was not entitled to credit in the courts of the State where it was rendered, and so was not entitled to full faith and credit in this State. *Frank* v. *Wolf*, 17 *Ga. App.* 468 (87 S. E. 697); *Underwood* v. *Underwood*, 142 *Ga.* 441 (83 S. E. 208, 54 L. R. A. 1915B, 674). In the present case, the Ohio judgment as set out in the petition does not appear to be invalid; and, if it should be a judgment which would be treated as ineffective by the courts of Ohio, it is for the defendant to overcome the judgment's prima facie validity, by pleading and proving the applicable law of Ohio. The court erred in sustaining the demurrer to the petition.

Pursuant to the act of 1945 (Ga. L. 1945, p. 232; Code Ann., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment reversed. Gardner, P.J., Townsend, Worrill and Carlisle, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. I agree that ordinarily, in an action such as this, our court will presume that the judgment in this case was legally and properly rendered so as to be binding on the defendant in the State where rendered insofar as the issues raised in the action filed are concerned. In order to do so in this case, it is necessary to presume that the law of Ohio is that the right to demand and receive future alimony is discretionary with the court which rendered the decree to such an extent that no absolute or vested right attaches to receive the instalments ordered to be paid, even though no application to annul or modify the decree in respect to alimony had been made prior to the instalments becoming due. Sistare *v.* Sistare, 218 U. S. 1, 17 (30 Sup. Ct. 682, 54 L. ed. 905, 28 L. R. A. (N. S.) 1068). This presumption obtains only with respect to the issues and rights normally arising out of the pending case, and does not obtain with respect to extraneous issues injected by actions or contentions of the plaintiff. If the plaintiff in this case had applied for a final judgment before 1941, when the last instalment fell due, or within a reasonable time thereafter, I would agree that the mailing of notice was sufficient. The first service put the defendant on notice that the case was in court,

and that at any proper time a judgment could be entered to enforce any right the plaintiff had under that suit after notice. However, the original service did not put the defendant on notice that the plaintiff would extend the time when a statute of limitations should have begun to run by allowing the suit to become stale and by obtaining a judgment about eight years from the time when it should have been rendered. The right of the plaintiff to whatever rights he had under limitation statutes was not in the original case; and, when the question was injected by the plaintiff, her action became one in which a new and substantial right of the defendant was involved, and the injection of the new question entitled the defendant to personal service as notice of the action. The question here presented is analogous to the revival of a dormant judgment, in which case personal service or appearance is necessary to give the rendering court jurisdiction. Owens v. Henry, 161 U. S. 642 (16 Sup. Ct. 693). It would seem under the ruling in the Owens case that, if we presume that the Ohio law authorized the action by the court upon mail notice, it would be insufficient under the due-process clause.