38736. PEEPLES v. PEEPLES.

Decided April 5, 1961.

*W. Colbert Hawkins*, for plaintiff in error.
*Hilton & Hilton*, *L. H. Hilton*, contra.

CARLISLE, Judge. ■ The defendant in error contends that the copy of the foreign judgment sued on and attached to the plaintiff's petition as an exhibit was not properly authenticated as provided for in *Code* § 38-627. In this connection he contends that that Code section requires that the attestation of the clerk appended to the copy of the judgment must be authenticated by the certificate of the chief justice, or presiding magistrate, of any court that has more than one judge, and that where, as shown by the affidavits introduced by the defendant in support of his motion for a summary judgment in the case the court wherein the judgment was entered has 14 judges and that the chief judge, or presiding judge, thereof did not sign the certificate, such certificate was insufficient to authorize the introduction of the copy of the judgment in evidence. In support of this position, counsel for the defendant in error cite the case of *Brown v. Beckner*, 56 Ga. App. 662 (193 S. E. 356). In that case it was held that, under the provisions of *Code* § 38-627, a copy of a judgment of a foreign court, attested by the clerk and authenticated by one of two judges of the court rendering the judgment whose certificate did not show that he was the chief or presiding judge of the court, was improperly admitted into evidence.

*Code* § 38-627 as contained in the original Code of 1933 was taken from the Acts of Congress of May, 1790, and March, 1804, as embodied in U. S. Revised Statutes § 905, and in former § 687 of Title 28 of the U. S. Code. These acts of Congress were embodied in our Code pursuant to the provisions of the Full Faith and Credit Clause of the U. S. Constitution, which provides that: "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effects thereof." Art. IV, Sec. 1, Par. 1 of the U. S. Constitution. (Code § 1-401). It was consistently held in construing and applying former § 687, supra, that while it was merely cumulative of other methods by which the public acts of sister States might be proved in the courts of a State, and that the States might by law and by the application of common-law principles provide for other, and less stringent, methods of proof and so comply with the Full Faith and Credit Clause, but that such enactments could not be enforced so as to require a party relying upon such public acts of the sister State to observe any greater formality in proving them than was required by the Federal law. *Goodwynn v. Goodwynn,* 25 Ga. 203, 206; Kingman v. Cowles, 103 Mass. 283; Brown v. Chicago & Northwestern Ry. Co., 129 Minn. 347 (2) (152 N. W. 729)'; Carpenter v. Ritchie, 2 Wash. 512 (28 P. 380); Block v. Schafer, 62 Okla. 114 (162 P. 456).

By the act of June 25, 1948, c. 646, 62 Stat. 947, former § 687 of Title 28 of the U. S. Code was revised and became § 1738 so that, as revised, paragraph 2 thereof reads as follows: "The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate *of a judge of the court* that the said attestation is in proper form." 28 U.S.C.A. § 1738.' (Italics ours.) This revision clearly eliminates the requirement of the former § 687, as construed in *Brown v. Beckner,* supra, that the certificate of the judge

that the attestation of the clerk, in due form, be made by the chief justice or presiding magistrate of a court having more than one judge and merely requires that such certificate be made by any judge of the court wherein the judgment sued on was rendered. It follows that, if the *Brown* case was ever the law it is no longer such, since under the rules of law announced in the cases cited above this State cannot, by merely failing or refusing to amend *Code* § 38-627, place greater restrictions upon a party seeking to rely on a foreign judgment than are imposed by the procedure enacted by Congress pursuant to the provisions of the Full Faith and Credit Clause of the U. S. Constitution. The exhibit to the petition in the instant case is a judgment for amounts of alimony in arrears due the plaintiff, Osella K. Peeples, by the defendant, Duncan C. Peeples. That judgment appears upon its face to have been entered in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, on January 8, 1960, and signed by J. Fritz Gordon, Circuit Judge. This judgment is authenticated by the following attestation:

"State of Florida, County of Dade. SS

"I, B. Leatherman, Clerk Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, do hereby certify that the above and foregoing is a true and correct copy of the final judgment filed January 8, 1960, in Chancery Order Book 1429 on page 551 in the cause wherein Osella K. Peeples is plaintiff and Duncan C. Peeples is defendant, bearing Chancery No. 168705.

"All according to the records and filed in my office.

"In witness whereof, I have hereunto set my hand and official seal this the 18th day of January, A.D. 1960.

B. Leatherman

Clerk Circuit Court."

This attestation is certified to in the following form:

"State of Florida

County of Dade

"I, the undersigned, Judge of the Circuit Court of the Eleventh Judicial Circuit of the State of Florida, in and for the County of Dade, do hereby certify that said court of record, and having a clerk and a seal; that E. B. Leatherman, who signed the foregoing attestation, is the duly elected and qualified Clerk

of the said Circuit Court of the County of Dade and State of Florida, and was at the time of signing said attestation; that his said signature thereto is entitled to full faith and credit.

"And I further certify that said attestation is sufficient and in due form of law.

"Witness my hand and official signature, this the 18th day of January, A. D., 1960.

> J. Fritz Gordon
> Judge of the Circuit
> Court of the Eleventh
> Judicial Circuit of the
> State of Florida, in and
> for the County of Dade."

This is a sufficient compliance with the requirements of § 1738 of Title 28 of the U. S. Code. The petition with this exhibit attached was sufficient to state a cause of action, and if proved in that form by appropriate evidence upon the trial of the case, was sufficient to authorize a jury verdict for the plaintiff. *Heakes v. Heakes*, 157 Ga. 863 (2) (122 S. E. 777); *Housley v. Wagner*, 25 Ga. App. 474 (103 S. E. 880).

■ As shown above, the plaintiff's petition alleges the entry of a final judgment in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida in Case No. 168705-E and that said judgment is unsatisfied and that the defendant, Duncan C. Peeples neglects to pay the same. In his original answer, the defendant merely pleaded that he could neither admit nor deny the averments of the plaintiff's petition for want of sufficient information. Thereafter, the defendant filed an amended answer in which he alleged that on June 21, 1954, a final decree of divorce was granted the plaintiff in the case of Osella K. Peeples v. Duncan C. Peeples then pending in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, the same being case No. 168705-E; that on November 23, 1959, the plaintiff filed her petition in "the aforesaid case" praying for an order directed to the defendant to show cause why he should not be adjudged in contempt for failure to comply with the terms and conditions of the original divorce decree, or, in lieu thereof, why a final judgment for

arrears and alimony should not be entered against the defendant; that on that date J. Fritz Gordon, circuit judge, caused to be entered a rule to show cause as prayed, a copy of which was attached to defendant's answer as "Exhibit A"; and that thereafter on January 8, 1960, the said judge entered the purported final judgment against the defendant which is sued on. In Paragraphs 7 and 10 of the defendant's amended answer he alleges:

"7. Defendant states that he was not served personally with notice of the aforesaid rule to show cause, entered by J. Fritz Gordon, Circuit Judge, on November 23, 1959, in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, in the case of Osella K. Peeples, plaintiff, vs. Duncan C. Peeples, defendant, No. 168705-E; and that he made no appearance in person or by attorney in connection with said rule to show cause."

"10. Defendant states that said court did not have jurisdiction of his person in connection with said rule to show cause and the purported final judgment of January 8, 1960, based thereon; and that said purported judgment is null, void and of no force and effect whatsoever."

Exhibit "A" to the defendant's amended answer (the rule nisi) contains the following provision:

"Ordered that the defendant, Duncan C. Peeples, be and he is directed to appear before me in my chambers in the Dade County courthouse on December 16, 1959, at 11:45 o'clock a.m. to show cause why the relief sought in the petition should not be granted. It is further ordered that a true copy of this order be served upon the defendant's attorney of record and upon the defendant at his last known mailing address." The final order exhibited in the petition and introduced in evidence recites that the defendant was served by certified mail with a copy of the petition and rule, and this statement is nowhere expressly denied by the defendant in his answer or in the affidavits attached thereto or introduced in support of his motion for a summary judgment.

Upon the hearing of the plaintiff's. and defendant's motions for summary judgment the defendant tendered an affidavit in

which he merely stated that he was not personally served with any notice of a rule to show cause and that he made no appearance in person or by attorney in connection with a rule to show cause. It will be seen from the foregoing that the defendant nowhere makes the contention that the order of the trial judge for service upon him by mailing a true copy to his last known mailing address was illegal or contrary to the Florida law and it will be presumed in the absence of any allegation to the contrary that the Circuit Judge of the Eleventh Judicial Circuit of Florida acted in accordance with the law of that State in making such an order. *Heakes v. Heakes,* 157 Ga. 863 (3) (122 S. E. 777), supra; *Albert v. Albert,* 86 Ga. App. 560 (71 S. E. 2d 904); Burham v. Pidcock, 68 N. Y. S. 1007 (58 App. Div. 273); Dodge v. Coffin, 15 Kan. 277; Ward v. Baker, 16 Kan. 31. The mere allegation in the amended answer that there was no personal service upon the defendant without further alleging at least by way of conclusion that personal service was required under the law of Florida in order to give the Florida court jurisdiction to enter the judgment sued on raised no issue as to the validity of service by mail where the exhibit attached to the answer shows that such service was pursuant to an order of the trial judge. Furthermore, the recitation in the final order that service was thus perfected imports absolute verity until properly controverted in the Georgia court by pleadings raising the issue that such service was not legal service and that the judgment rendered on such service would not be entitled to credit according to the law or usage of Florida. "Full faith and credit" means that a judgment in one State must be given such full effect in another State as it is given by the law and usage of the State of its origin. Nelson v. Miller, 201 F. 2d 277.

Thus it will be seen that the defendant's amended answer attempted, but unsuccessfully so, to raise the defense that the judgment sued on was void for lack of legal service. None of the affidavits introduced in any way sought to impeach the validity of the Florida judgment otherwise, and as the record stood before the trial court upon the hearing of the motions for a summary judgment, the judgment sued on being complete and regular upon its face and containing recitals as to the juris-

dictional facts, it was entitled to full faith and credit (*Albert v. Albert,* supra), and, there being motions for a summary judgment by each party, the trial court should have entered a summary judgment for the plaintiff and erred in entering a summary judgment for the defendant since no issuable defense had been pleaded or shown by the affidavits introduced.

*Judgment reversed. Townsend, P. J., Frankum and Jordan, JJ., concur.*