## 39955. GREENFIELD v. CHRONICLE PRINTING COMPANY.

RUSSELL, Judge. 1. Where the law of a sister state is not pleaded, this court will presume that the law of such state is the common law, as interpreted by the decisions of the courts of this state. *Slaton v. Hall,* 168 Ga. 710 (1) (148 SE 741, 73 ALR 891); *Trustees of Jesse Parker Williams Hospital v. Nisbet,* 189 Ga. 807 (1) (7 SE2d 737).

2. While every presumption is indulged in favor of the validity of a foreign judgment under the full faith and credit clause of the Federal Constitution (*Code* § 1-401), the rule has no application where the foreign judgment shows on its face that there was no jurisdiction of the person of the defendant, and thus shows a violation of due process. *Code* §§ 1-815; 2-103; *Pink v. A.A.A. Highway Exp.,* 191 Ga. 502, 510 (13 SE2d 337); *Day v. Hatton,* 210 Ga. 749 (1) (83 SE2d 6).

3. In Georgia, no confession of judgment can be entered up except in the county where the defendant resided at the commencement of the action after suit regularly filed. *Code* § 110-601. At common law two forms of confession of judgment were recognized, one form being cognovit actionem, but cognovit at common law "was not an authority given before the action was commenced, but was a confession signed by the defendant after process had been issued. 15 R.C.L. 648, § 92, notes 3, 4 and cit.; 34 CJ supra. [§ 257]. In many jurisdictions provision is made by statute for confession of judgment before the institution of an action or suit against the one so confessing. The authority to confess may be given by warrant of attorney executed at the time the debt is created. These statutes have no application to judgments by confession at the common law, which had to be entered after action had been brought and process had been regularly served. 34 CJ 99 (§ 264), 2." *Information Buying Co. v. Miller,* 173 Ga. 786, 790 (161 SE 617).

4. It appears from the petition that the judgment on which this action is predicated was entered in Ohio, styled an action in cognovit; that it was a suit on a note to which was annexed a warrant of attorney; that an attorney pursuant to such warrant executed prior to the pendency of the suit appeared on behalf of the nonresident defendant, waived process, and confessed judgment on his behalf, without any notice to or appearance by the defendant. This case differs from *Cocke v. Truslow*, 91 Ga. App. 645 (86 SE2d 686) where the foreign law and other pertinent facts were pleaded; here the laws of Ohio are not pleaded and this court, presuming such laws to be the same as the common law interpreted by the courts of this state, finds that no jurisdiction of the defendant existed in the Ohio court because of lack of process. "Where in a suit upon a foreign judgment, the judgment roll, which is attached to and made a part of the petition, shows upon its face that the court of the state rendering the judgment sued on was without jurisdiction, the petition is subject to demurrer as setting forth no cause of action." *Allied Finance Co. v. Prosser*, 103 Ga. App. 538, 542 (119 SE2d 813); *Lurey v. Jos. S. Cohen & Sons Co.*, 86 Ga. App. 356 (71 SE2d 689).

The trial court erred in overruling the general demurrer to the petition.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED MARCH 4, 1963.

*Lewis, Wylly & Javetz, Jack H. Usher*, for plaintiff in error. *James Edward McAleer*, contra.