## 51307. HOUSEHOLD FINANCE CORPORATION OF ATLANTA v. ROGERS et al.

STOLZ, Judge.

There are no issues of fact to be resolved in this case. The litigation involves a suit filed by W. J. Rogers and Lena Rogers seeking the $100 penalty referred to in Code Ann. § 109A-9—404 for failure of the defendant to furnish them with a termination statement as provided in said Code section. The plaintiffs' theory is that the loan was null and void, hence no security interest could be taken pursuant to the contract. The termination statement would authorize the removal of the security interest of record. The contract in question is virtually identical with

the contract declared void by this court in *Patman v. General Finance Corp.,* 128 Ga. App. 836 (2) (198 SE2d 371). As in *Patman,* there is nothing in the contract showing the amount of insurance or the premium charged therefor. Code Ann. § 25-319 (Ga. L. 1955, pp. 431, 444) requires that "the amount of each class of insurance carried and the premiums paid thereon" be included in the loan contract or a written itemized statement and a copy thereof delivered to the borrower. The only issue in the case is the validity or non-validity of the loan contract (R. 5). It shows on its face that it does not meet the statutory requirements and is void under our decision in *Patman.* There is no contention that there are other writings between the parties. The plaintiffs have pierced the defendant's answer. If there were other writings, it is incumbent for the defendant to come up with them (which it has not) or suffer judgment. See *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 303 (138 SE2d 580). "When a motion for summary judgment is made. . . an adverse party may not rest. . . [on] his pleading, but his response,. . . *must* set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, *shall* be entered against him." (Emphasis supplied.) Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238). "It is thus seen that it is the duty of each party at the hearing on the motion for summary judgment to present his case in full." *Summer-Minter & Associates v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173). The contract is null and void. The trial judge will not be reversed on the bare possibility that there may be "other writings between the parties to this loan." If "other writings" existed, it was the defendant's duty to place them in evidence in opposition to the motion for summary judgment. See *Crutcher v. Crawford Land Co.,* supra; *Summer-Minter & Associates v. Giordano,* supra.

*Judgment affirmed. Bell, C. J., Deen, P. J., Quillian, Clark, Webb and Marshall, JJ., concur. Pannell, P. J., and Evans, J., dissent.*

Argued September 30, 1975 — Decided January 6, 1976 — Rehearing denied January 21, 1976.

*Harris Bullock,* for appellant.
*Myron N. Kramer,* for appellees.

EVANS, Judge, dissenting.

Willie J. and Lena Rogers borrowed $1,200 from Household Finance Corporation of Atlanta. This transaction was governed by the provisions of the Georgia Industrial Loan Act (Code Ann. § 25-301 et seq.).

The appellate courts of this state have given a strict construction as to the requirements of the Georgia Industrial Loan Act against the lenders. In this case, counsel for Rogers advised the lender that the contract was void under *Patman v. General Finance Corp.,* 128 Ga. App. 836 (198 SE2d 371), and requested a termination statement pursuant to the Uniform Commercial Code (Code Ann. § 109A-9—404). The lender refused to send the termination statement to the borrower, contending the borrowers still owed $602.50 on the loan.

William J. and Lena Rogers then sued Household Finance Corp. of Atlanta, contending the contract was null and void as violative of the Georgia Industrial Loan Act; that a financing statement is of record as to the security interest taken; and that they requested a termination statement under Code Ann. § 109A-9—404, and they seek judgment of $100 as authorized for the failure of the secured party to send such termination statement within 10 days after proper demand.

Defendant answered and admitted that the loan had been made under the Georgia Industrial Loan Act; but denied that the loan transaction was void or violative of the Georgia Industrial Loan Act. Defendant also admitted receipt of the letter asking for the termination statement, but denied plaintiffs were entitled to same. Defendant filed a counterclaim and sought a judgment for the balance of the loan.

After discovery, plaintiffs moved for summary judgment, which the court granted inasmuch as the contract provided for credit life and disability insurance "but only informed the debtor of the amount of the premium," citing *Patman v. General Finance Corp.,* 128

Ga. App. 836, supra. The court also awarded plaintiffs $100 penalty for failure of the lender to send the termination statement. Defendant appeals.

The majority opinion holds that there are no issues of fact to be resolved in this case and that summary judgment was properly granted under the authority of *Patman v. General Finance Corp.*, 128 Ga. App. 836, supra. To this I cannot agree, and I therefore dissent for the following reasons:

1. The Georgia Industrial Loan Act (Code Ann. § 25-319) requires that "a copy of the loan contract *or a written itemized statement in the English language*" be delivered to the borrower showing in clear terms. among other things, *"the amount of each class of insurance carried and the premiums paid . . ."* (Emphasis supplied.)

2. Examination of the loan agreement clearly shows a request for credit life and disability insurance and the amount of premiums for same. But nowhere in the contract is the amount of insurance thus purchased shown. *If this is the only writing with reference to the loan,* the contract is null and void under Code Ann. § 25-9903. *Patman v. General Finance Corp.*, 128 Ga. App. 836, 837, supra, holds such a contract to be null and void. *It is not shown here whether there are other writings between the parties as to this loan.*

3. Thus, a question remains for determination *as to whether there are other writings* between the parties and as to whether or not the Georgia Industrial Loan Act has been violated in this instance so as to void the contract under Code Ann. § 25-9903.

4. The statute upon which the movant relies with reference to the $100 penalty is found in Code Ann. § 109A-9—404, which states that whenever "there is no outstanding secured obligation and no commitment to make advances, incur obligations or otherwise give value, the secured party must on written demand by debtor send the debtor a statement that he no longer claims a security interest under the financing statement . . . If the affected security party fails to send such a termination statement . . . he shall be liable to the debtor for $100." Until such time as the loan is shown to be an absolute nullity and the lender (secured party) fails to send such a termination

statement to the borrower (debtor), the plaintiff is not entitled to the $100 penalty.

5. Movant must make a prima facie showing of his right to a summary judgment before any duty devolves upon the opposing party to produce any rebuttal evidence. *Benefield v. Malone,* 110 Ga. App. 607, 610 (139 SE2d 500); *Durrett v. Tunno,* 113 Ga. App. 839, 842 (2) (149 SE2d 826); *Watkins v. Nationwide Mut. Fire Ins. Co.,* 113 Ga. App. 801, 802 (149 SE2d 749).

6. As I have tried to make plain in *Abrams v. Commercial Credit Plan,* 128 Ga. App. 520, 522 (197 SE2d 384) and in *Hobbiest Financing Corp. v. Spivey,* 135 Ga. App. 353, 356 (217 SE2d 613), while the *"loan contract"* may be void because of failure to comply with the statute relating to the Georgia Industrial Loan Act (Code Ann. § 25-301 et seq.), and interest, penalty, attorney fees and many things may be forfeited because of the nullity of the *loan contract,* it is still my firm and fixed belief that the *principal amount* borrowed is still due and owing by the debtor, even though the written loan contract may be void. This is under the theory that no one is entitled to unjustly enrich himself at the expense of another; and an action for money had and received is an available remedy to recover the *principal,* without regard whatever as to whether the paper evidencing the loan is valid or void.

I am authorized to state that Presiding Judge Pannell concurs specially in this dissent.

PANNELL, Presiding Judge, concurring specially in Judge Evans' dissent.

I concur in Judge Evans' dissent as to sections 1, 2, 3, 4 and 5 on the grounds set out in the above sections.

I would reverse the judgment of the lower court.