## 53078. CONNER et al. v. CONNER.

QUILLIAN, Presiding Judge.

We consider this case after its transfer to us by the Supreme Court. The plaintiff brought an action seeking to recover on a Kentucky judgment for alimony arrearages. The defendant in his answer contended that the Kentucky judgment was obtained without legal and proper service and without notice or service of process, that by reason of this fact the judgment was null and void. The plaintiff moved for summary judgment on the issue of the liability of the defendant to pay the Kentucky judgment. After hearing, the trial judge entered an order granting summary judgment for the plaintiff as to the issue of liability on the Kentucky judgment. From this ruling

appeal was taken by the defendant. *Held:*

The plaintiff accompanied her motion for summary judgment with an authenticated copy of the Kentucky judgment on which she based her recovery as well as a prior Kentucky judgment and the affidavit of her attorney. In opposition thereto the defendant had only the statement in the answer which we have, in substance, set forth above.

It should be noted that the record contains an affidavit by the defendant. However, this affidavit was filed on April 22, 1976, the same day the notice of appeal was filed and 21 days after the April 1, 1976 judgment from which the appeal was taken. It is clear that this affidavit was not considered by the trial judge and cannot be considered by this court in its review of his decision.

In the instant case the plaintiff's complaint and the defendant's answer raised an issue of fact with regard to the judgment in question. However, the plaintiff then came forward on motion for summary judgment with a duly authenticated copy of the Kentucky judgment. The jurisdiction of a court of general jurisdiction is presumed and its judgment cannot be collaterally attacked where no want of jurisdiction is apparent of record. *Albert v. Albert,* 86 Ga. App. 560, 564 (71 SE2d 904); *Peoples v. Peoples,* 103 Ga. App. 462, 468 (119 SE2d 710). Thus, once the Kentucky judgment was duly introduced the defendant's pleadings were pierced and the burden fell upon the defendant to introduce proof which would tend to rebut the plaintiff's case. *Household Finance Corp. v. Rogers,* 137 Ga. App. 315, 316 (223 SE2d 462).

The defendant having failed to do so, the trial judge did not err in granting the plaintiff's motion for summary judgment.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

Submitted November 3, 1976 — Decided November 19, 1976.

*Kopp, Peavy & Conner, John G. Kopp,* for appellants. *Memory & Thomas, Terry A. Dillard,* for appellee.