## 55468. TALLY v. ATLANTA NATIONAL REAL ESTATE TRUST et al.

McMURRAY, Judge.

In 1973 Walter L. Tally was the president and chief operating officer of a real estate developing company doing business in Gulfport, Mississippi, known as Tally Enterprises, Inc. The company purchased 14.5 acres of land in Pascagoula, Jackson County, Mississippi, obtaining a loan for $165,000 from Atlanta National Real Estate Trust, evidenced by a promissory note secured by a deed of trust to the land. The Trust required and obtained the personal guaranty of Tally to the note. The note went into default, the property was foreclosed upon, and thereafter the Trust instituted a suit in Mississippi against Tally Enterprises, Inc. for deficiency judgment. A judgment was obtained for the deficiency in the amount of $153,305.13.

The Trust then instituted the pending action against Tally in the State Court of Fulton County pursuant to the

provisions of the guaranty agreement under which defendant obligated himself unconditionally to pay the plaintiff any amount remaining due on the note following foreclosure of the property.

Defendant answered, admitting jurisdiction and the averments as to the indebtedness to the corporation but otherwise denying the claim against him, including a defense that he had resigned as president of the corporation which at that time owned and possessed substantial real and personal properties clearly in excess of the sums due on the note; that he had informed plaintiff that the assets of the corporation would be dissipated and depleted unless plaintiff sought to proceed immediately to collect the sums due upon the note. Defendant contends plaintiff has been guilty of laches in pursuing its remedies and should not in equity be allowed to recover any sums against him. Two other defenses were estoppel by reason of its failure to pursue its remedies against the corporation while it was solvent and failure of the plaintiff to comply with the statutory prerequisites to seek a deficiency judgment in this state. By amendment the defendant added defenses of estoppel by conduct; fraudulent misrepresentation causing defendant to waive his rights as guarantor to either cure the alleged default under the note and pursue his remedies against the corporation's assets or to intervene in the Mississippi action; and there was no deficiency by reason of the fact that the value of the real property exceeded the amount of the indebtedness.

Thereafter, a third-party complaint was filed by the defendant. The plaintiff then filed a motion for summary judgment based upon the pleadings and admissions on file, an affidavit, and a certified copy of the record of the proceeding in the Mississippi court, which was granted after a hearing. Defendant appeals. *Held:*

1. Defendant contends that there was evidence before the court showing that the Mississippi property was worth more than the indebtedness evidenced by the note and consequently no deficiency existed. He further contends that the recent case of *Colodny v. Krause,* 141 Ga. App. 134 (232 SE2d 597), involving a deficiency suit in South Carolina against guarantors who were not

served in South Carolina and who were held not bound by the judgment, is controlling here. However, the facts here are entirely different from the *Krause* case in that the action on the guaranty against defendant guarantor here is sought in the Georgia court whereas the deficiency judgment against the guarantors in *Krause* was sought in South Carolina and the two guarantors in question were never served. Here plaintiff is not seeking to enforce its foreign judgment in this state but is suing defendant on the guaranty agreement. Therefore, the cases cited by defendant are not in point. Plaintiff is suing upon a contract of guaranty whereby defendant agreed to pay the debt of another upon the default of the principal debtor. See *Escambia Chemical Corp. v. Rocker,* 124 Ga. App. 434 (184 SE2d 31). The evidence before the court shows the defendant executed the guaranty contract which bound him unconditionally to pay the remaining indebtedness due following foreclosure. The amount remaining due was shown by the Mississippi judgment. Defendant contends that an issue of fact is made as to the value of the property and the existence of the deficiency. However, the Mississippi judgment took into account the failure of the property foreclosed to satisfy the indebtedness and established prima facie the amount of the deficiency for which defendant is liable under the guaranty. See *Escambia Chemical Corp. v. Rocker,* 124 Ga. App. 434 (2), supra; *Conner v. Conner,* 140 Ga. App. 520, 521 (231 SE2d 512); *Household Fin. Corp. v. Rogers,* 137 Ga. App. 315, 316 (223 SE2d 462). Thus a duty was then imposed upon the defendant at the hearing on the motion for summary judgment to present his case in full. See Code Ann. § 81A-156(e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238); *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173); *Meade v. Heimanson,* 239 Ga. 177, 180 (236 SE2d 357).

The statement of the defendant in his affidavit that the value of the real property in Mississippi exceeds any indebtedness is a mere conclusion; but even if it be a statement of fact it refers to the property as being that currently owned by plaintiff which does not show or refute the amount of the deficiency as found by the Mississippi court. The affidavit in reality gives no opinion of value but

merely states defendant's conclusions about the property. See *Hagin v. Powers,* 140 Ga. App. 300, 304 (231 SE2d 780); *Sisk v. Carney,* 121 Ga. App. 560, 563 (4) (174 SE2d 456); *Hudson v. Miller,* 142 Ga. App. 331 (235 SE2d 773). The Mississippi judgment established a rebuttable presumption in favor of the plaintiff as to the defendant's liability under the guaranty. The evidence is sufficient for the court to make a prima facie finding in favor of the plaintiff as to the guaranty and deficiency judgment.

2. Defendant unconditionally promised to pay plaintiff any amounts remaining guaranteed following foreclosure of the property which included interest "at the rate of thirteen percent (13%) per annum, until paid." The affidavit of the president of the plaintiff showed that defendant is obligated for the principal amount plus interest of 13% from September 3, 1975, and the amount of interest awarded in the judgment below was calculated on that basis. Defendant offered no evidence whatsoever that the Mississippi judgment was in any way erroneous. Therefore, defendant was liable on the guaranty for the interest as shown. *Meade v. Heimanson,* 239 Ga. 177, supra; *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, supra; *Escambia Chemical Corp. v. Rocker,* 124 Ga. App. 434, supra.

3. By brief, plaintiff agrees with the defendant that the award of attorney fees in the judgment below is an error and should be written off. However, since as shown in Division 5, the judgment is reversed, we do not consider the issue of attorney fees here.

4. The contention of defendant that the Georgia confirmation statute would control here as to the deficiency judgment sought in Mississippi is not meritorious. See in this connection *Goodman v. Nadler,* 113 Ga. App. 493 (148 SE2d 480); *Colodny v. Krause,* 141 Ga. App. 134, supra. Clearly Code Ann. § 67-1503 et seq. (Ga. L. 1935, p. 381), applies only to foreclosure sales in Georgia.

5. Defendant's claim that he has been released from the contract of guaranty has not been supported here by evidence of any consideration for the release. This lack of consideration does not, however, negate the defense of estoppel raised by defendant, who insists that by reason of

this alleged verbal promise, he did not contest the foreclosure or intervene in the Mississippi litigation. *Pethel v. Waters,* 220 Ga. 543, 550-552 (4) (140 SE2d 252). Estoppel is usually an issue of fact. *Hall v. Rogers,* 225 Ga. 57, 58 (165 SE2d 829). The defendant's answer avers estoppel and his supplemental affidavit states that he was induced to forgo valuable legal rights by the representations made to him by an officer of plaintiff. Issues of fact remain for the jury, involving whether plaintiff is estopped to deny the right of defendant to rely upon the alleged promise. The trial court erred in granting summary judgment in favor of plaintiff.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED MARCH 6, 1978 — DECIDED JUNE 16, 1978 — REHEARING DENIED JULY 10, 1978 — 

*Morton, Humphries & Payne, John P. Mac-Naughton, J. D. Humphries, III,* for appellant.

*Cofer, Beauchamp & Hawes, James H. Rollins, Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman,* for appellees.