## 56204. LOWTHER v. MATHERS et al.

BANKE, Judge.

This is an action to collect on a default judgment issued by the Court of Common Pleas of Jasper County, South Carolina, against the defendant, Leon Lowther. The defendant moved to dismiss, alleging that the judgment was invalid because the South Carolina court never obtained personal jurisdiction over him. The trial court denied the motion and granted summary judgment to the plaintiffs. The defendant appeals.

The South Carolina suit charged the defendant with having committed a tortious act (fraud) while transacting business in that state. He was a resident of Georgia at the time the action was filed and was purportedly served by certified mail. He does not deny that this method of service was proper under South Carolina law or that it complied with due process requirements. He does deny that he or anyone authorized to act for him ever received the summons or executed the return postal receipt.

In rendering the judgment against the defendant, the South Carolina court specifically found as a matter of fact that it had acquired jurisdiction over him. This

finding is apparently based on an affidavit in the record which shows that the defendant was sent a copy of the summons and complaint by certified mail and that it was accepted on his behalf by a person named Doris Lowther, signing as "authorized agent" for the addressee. In addition, the plaintiff's attorney testified at a hearing held to determine the amount of damages to be awarded that the defendant had visited him on several occasions and had made several telephone calls to him for the purpose of negotiating a settlement to the suit.

As stated above, the defendant does not actually contend that service by certified mail was improper under South Carolina law or that it was constitutionally inadequate. Rather it is his contention that the return postal receipt does not constitute a sufficient return of service absent some evidence that Doris Lowther was authorized to receive service for him. He also contends that the plaintiffs were required to show that he is the same Leon Lowther against whom the South Carolina judgment was rendered. *Held:*

The question of whether the defendant is the same person against whom the South Carolina judgment was issued was not raised in the trial court and will not be considered for the first time on appeal. With regard to Doris Lowther's authority to receive service on the defendant's behalf, we hold that this was sufficiently established by the fact that she accepted the summons and complaint for him, signing the postal receipt as his authorized agent. Had the defendant wished to dispute Doris Lowther's existence or her identity or her capacity to act as his agent, he was free to do so in the trial court. It was not incumbent on the plaintiff to produce her in order to validate the judgment.

"[T]he judgment sued on being complete and regular upon its face and containing recitals as to the jurisdictional facts, it was entitled to full faith and credit . . ." *Peeples v. Peeples,* 103 Ga. App. 462, 468-469 (119 SE2d 710) (1961). It was not error to deny the defendant's motion to dismiss and to grant summary judgment to the plaintiffs. See *Peeples v. Peeples,* supra.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

84

SUBMITTED JUNE 29, 1978 — DECIDED SEPTEMBER 5, 1978.

*John W. Andre, Jr.,* for appellant.
*Oliver, Maner & Gray, James L. Pannell,* for appellees.