58147. CAPITAL BANK OF MIAMI, N. A. v. LEVY.

BIRDSONG, Judge.

This appeal is from the trial court's grant of summary judgment to defendant-appellee Levy, which determined that the Florida money judgment sought to be enforced against Levy, a Georgia resident, is not entitled to full faith and credit in Georgia.

While Levy lived in Florida, he endorsed a promissory note made to plaintiff-appellant, the bank, in February 1968. It is undisputed that in 1969 Levy moved to Chatham County, Georgia and has resided there since. It also appears conclusively from the record that the bank knew Levy's Savannah address.

The suit filed September 22, 1976, in the Eleventh Judicial Circuit of Florida, In and For Dade County, alleged only that "(1) National Breaktime Service, Inc. executed and delivered in Dade County, Florida, A Promissory Note. . . [Exhibit 1]. (2) Defendant, Arthur S. Levy, executed and delivered his personal endorsement

and guarantee of said Note, which guarantee appears on the reverse side of Plaintiff's Exhibit 1. (3) Defendant, Arthur Levy, has removed himself from the jurisdictional boundaries of this Court in an attempt to thwart collection of this debt. (4) Plaintiff has incurred costs and attorney fees for collection of this indebtedness." Judgment was then prayed accordingly.

Service of this complaint was attempted pursuant to the Florida Long-Arm Statute, F. S. A. § 48.181, which authorizes substituted service upon the Florida Secretary of State in cases of a nonresident who has engaged in business in Florida, and of a defendant who conceals his whereabouts. F. S. A. 147, § 48.161 provides: "When authorized by law, substituted service of process on a nonresident or a person who conceals his whereabouts [shall be made by serving the Secretary of State with a copy of the process] . . . Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his attorney of compliance shall be filed on or before the return day of the process . . ."

The affidavit filed by plaintiff-appellant's attorney on October 13, 1976, states that a copy of the complaint "was mailed . . . to Levy by certified mail, and received without the state of Florida on September 24, 1976, as stamped by the Savannah, Georgia post office, a copy attached hereto"; that the requirements of F. S. A. § 48.161 had been complied with to perfect service on the defendant; that a copy of the complaint was mailed to the Florida Secretary of State, by certified mail, and received on September 24, 1976, a copy attached; that the defendant "was doing business in Florida, and removed himself from the State of Florida, which in effect evaded service of process." Attached to this affidavit were what seem to be copies on the front sides of two return receipt cards. One facsimile bears no postmark and only the address of the plaintiff's attorney; the other facsimile bears only the address of plaintiff's attorney and a postmark stamped "Savannah, Georgia, September 24, 1976." Defendant did not answer the suit. Default judgment was entered October 15, 1976. In granting

Levy's motion for summary judgment in the action to enforce this default judgment, the Georgia trial court also denied the bank's motion for summary judgment. Appellant bank cites those rulings as error; we disagree. *Held:*

1. We deny defendant-appellee's motion to dismiss the bank's appeal. There is no merit in the contention that the grant of summary judgment to Levy is not a final judgment because there is pending below a counterclaim, and that therefore the instant appeal is interlocutory in nature requiring compliance with Code Ann. § 6-701 (a) 2 (A) and (B). Under Code Ann. § 81A-156 (h), the grant of summary judgment is excepted from the rule requiring final judgment as to all parties and claims before appeal may be taken. *Overstreet v. Doctors Hospital,* 142 Ga. App. 895, 896 (237 SE2d 213).

2. It is well settled that a judgment of a foreign court which lacks personal jurisdiction is not entitled to full faith and credit in this state, *Berry v. Jeff Hunt Mach. Co.,* 148 Ga. App. 35 (250 SE2d 813); *Greenfield v. Chronicle Printing Co.,* 107 Ga. App. 442 (130 SE2d 526), inasmuch as a judgment of any court which lacks jurisdiction is void. *Collins v. Peacock,* 147 Ga. App. 424 (249 SE2d 142). Under the Full Faith and Credit Clause, the Georgia courts are required to give only such effect to the Florida judgment as it would have in Florida, and it is therefore necessary to inquire into the effect of the judgment under Florida law. *Jackson v. Jackson,* 231 Ga. 751, 752 (204 SE2d 297).

Appellee Levy urges, and we agree, that the method of substituted service used by the bank in the Florida suit was imperfectly pursued and insufficient to subject Levy to the Florida court's jurisdiction. By affidavit he avers he never received notice of the service of process, but rather that his servant signed the return receipt; indeed the return receipt attached to the record by plaintiff bank, in proof of notice of service per F. S. A. § 48.161, is no evidence of receipt at all and proves nothing except that some article destined for plaintiff's attorney passed through the Savannah, Georgia post office on September 24, 1976. Plaintiff bank did not show, by affidavit or otherwise, that Levy had been properly served with notice

of the substituted service until more than two years later, when for purposes of proof on summary judgment in Georgia, the bank's attorney averred that he had mailed Levy a copy of the notice six days after the substituted service. These defects were sufficient under Florida law to render the service invalid; the merely conclusory statement in the affidavit that plaintiff had "complied with . . . the requirements of (F. S. A. § 48.161)" did not cure these insufficiencies. Century Brick Corp. v. Gatewood, 157 S2d 95 (1963); Rever v. Lapidus, 151 S2d 61, 62 (1963). F. S. A. § 48.161, being in derogation of common law, must be strictly construed, and substantial compliance with its requirements leaves no room for dispensing with its directive provisions, which are "necessary steps." Atlas Van Lines v. Rossmoore, 271 S2d 31 (1972). See Conway v. Spence, 119 S2d 426 (1960); Young Spring &c. Corp. v. Smith, 176 S2d 903, 905 (1965). We approve the trial court's grant of summary judgment to Levy based on defective service by the plaintiff, particularly since the judgment was taken by default, and nothing whatever appears in the record to controvert Levy's statement that he never received service. See *Process Systems v. Dixie Pkg. Co.,* 137 Ga. App. 452 (224 SE2d 103).

3. We find another compelling and conclusive reason to affirm the trial court and deny enforcement of the Florida judgment. A merely cursory examination of the complaint filed against Levy in Florida shows not the slightest statement that would invoke that court's jurisdiction over a nonresident. In fact, it does not appear from the face of the pleading that Levy was a nonresident; and this showing together with a jurisdictional statement qualifying Levy as one who had engaged in business in Florida giving rise to the suit, were necessary to give the Florida court jurisdiction under F. S. A. § 48.181 and to authorize substituted service under F. S. A. § 48.161. 30 F. S. A. Rules of Civ. Proc., Rule 1.8 (b); Hyco Mfg. Co. v. Rotex Intl. Corp., 355 S2d 471 (1978); Henschel-Steinau Co. v. Schorr, 302 S2d 198 (1974); Gannett v. King, 108 S2d 299 (1959); and Bejar v. Garcia, 354 S2d 964 (1978). The allegation that Levy had "removed himself from the jurisdictional boundaries of the court in an attempt to

thwart collection of this debt" is not a jurisdictional statement. It does not invoke the court's jurisdiction of a nonresident but merely attempts to justify substituted service. See Young Spring &c. Corp., supra, p. 905. It is, moreover, not supported by any fact in evidence. The burden to establish the basis for jurisdiction and to establish a predicate for substituted service under F. S. A. § 48.161 is clearly on the plaintiff; the factual basis for jurisdiction must affirmatively appear in the complaint and be proved by affidavit, particularly where the defendant is a nonresident. *Hartsog v. Robinson,* 115 Ga. App. 824 (156 SE2d 141); 30 F. S. A. Rules of Civ. Proc., Rule 1.110 (b); Hyco Mfg. Co., supra; Palmer Johnson Yachts v. Ray Richard Inc., 347 S2d 779 (1977); Ga. Savings &c. Corp. v. Delwood Estates, 315 S2d 237 (1975); American Baseball Cap, Inc. v. Duzinski, 308 S2d 639, 642 (1975); Henschel-Steinau, supra; Nichols v. Seabreeze Prop., 302 S2d 139 (1974); Pan American Television v. Latin Media Consultants Corp., 300 S2d 730 (1974); Hydronaut v. Litton Systems, 208 S2d 494 (1968); see also Drake v. Scharlau, 353 S2d 961 (1978). Without such proper jurisdictional allegations, the court never acquires jurisdiction, and there is no basis whatever to authorize substituted service. This defect is fatal, and the circumstance that the defendant might have been factually amenable to the court's jurisdiction (Century Brick, supra), or any facts or inferences later plead or proved to show jurisdiction or justify substituted service (Lake Erie Chemical Co. v. Stinson, 162 S2d 545 (1964)) will avail nothing.

We conclude from the face of the Florida complaint that Florida jurisdiction of Levy was never acquired, and there was never a basis upon which plaintiff could attempt to substitute service on the nonresident Levy. The trial court was correct to grant judgment to Levy and deny it to plaintiff-appellant.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED JULY 9, 1979 — DECIDED OCTOBER 1, 1979 — REHEARING DENIED OCTOBER 18, 1979—

*James V. Pleasants,* for appellant.
*Stephen F. Greenberg,* for appellee.