### 59746. MAXWELL v. COLUMBIA REALTY VENTURE et al.

McMURRAY, Presiding Judge.

This case involves an action to domesticate a judgment of a Maryland court against the defendant, a resident of Columbus, Muscogee County, Georgia. Attached to the pleadings were the duly certified copies of the docket and entries of judgment of the trial court in Maryland. Service as to the Maryland case was not obtained upon this defendant by the usual manner, but the summons, in triplicate and with a copy of the pleadings, was sent to the plaintiffs' attorney for service upon the defendant, which service, as shown by the affidavit of service of counsel, was obtained by certified mail endorsed "Restricted Delivery Return Receipt Requested." The affidavit had attached to it a receipt for certified mail allegedly signed by the defendant at his Georgia address. The affiant deposes that this document shows same was "in fact received by the Defendant, Stephen M. Maxwell, as evidenced by his signature on the original return receipt which is attached to this affidavit."

Thereafter, summary judgment by the Maryland court, based upon the affidavit in support thereof (we assume this refers to the affidavit of service) "and there being no opposition," was granted

upon motion of the plaintiffs.

Requests for admissions were filed with the domestication petition (at the same time) requesting that this defendant admit he was served by certified mail, and was "properly served with process in this matter," and that he admit the indebtedness due.

The petition to domesticate was duly served by a deputy sheriff of Muscogee County, and the defendant answered, denying the claim, admitting only jurisdiction. Defendant also pleaded that the petition failed to state a claim, the judgment upon which plaintiffs base their claim was null and void in that he was a nonresident of the State of Maryland and "never submitted himself to the jurisdiction of the Maryland court by waiver of [or] otherwise," and the Maryland judgment was not entitled to full faith and credit in that the Maryland court never obtained jurisdiction over him. The defendant separately answered the requests for admissions by denying receipt of the certified mail, denying that he had been properly served with process in the matter and denied that he was indebted in any amount to the plaintiffs.

Plaintiffs then moved for summary judgment based upon the record before the court. The motion was granted, the court reciting that the defendant was present and "presented no counter affidavit or exhibits." Defendant appeals. *Held:*

1. A collateral attack upon a petition to domesticate a foreign (sister state — rather than a non-domestic) judgment that it was based on lack of personal jurisdiction is precluded in this state only if the defendant has appeared in the foreign court and has thus had an opportunity to litigate the issue. See *Drake v. Drake,* 187 Ga. 423 (5), 430 (1 SE2d 573); *Connell v. Connell,* 119 Ga. App. 485, 487 (2) (167 SE2d 686); *Berry v. Jeff Hunt Machinery Co.,* 148 Ga. App. 35 (250 SE2d 813); *Capital Bank of Miami, N. A. v. Levy,* 151 Ga. App. 819, 821 (2) (261 SE2d 722); *Greenfield v. Chronicle Printing Co.,* 107 Ga. App. 442 (130 SE2d 526); *Collins v. Peacock,* 147 Ga. App. 424, 426 (2) (249 SE2d 142); *Gordon v. Gordon,* 237 Ga. 171 (1) (227 SE2d 53); *Green Acres Discount v. Freid & Appell,* 135 Ga. App. 816, 817-818 (219 SE2d 39); *Ramsey Winch Company v. Trust Company Bank,* 153 Ga. App. 500 (1) (265 SE2d 848) (1980); *Borg-Warner Health Products, Inc. v. May,* 154 Ga. App. 482 (1) (1980).

2. The plaintiffs, however, contend that by introducing a properly authenticated copy of a sister state judgment, which was attached to the petition, they made out a prima facie case, citing *Minor v. Lillie Rubin, Inc.,* 84 Ga. App. 112, 113 (65 SE2d 691). See also *Melnick v. Bank of Highwood,* 151 Ga. App. 261 (259 SE2d 667); *Conner v. Conner,* 140 Ga. App. 520 (231 SE2d 512). *Melnick v. Bank of Highwood,* 151 Ga. App. 261, supra, involved a confession of

judgment in a promissory note case. *Conner v. Conner,* 140 Ga. App. 520, 521, supra, also cited by the plaintiffs, recites the law that the jurisdiction of a court of general jurisdiction is presumed, and its judgment cannot be collaterally attacked where no want of jurisdiction is apparent of record. See *Albert v. Albert,* 86 Ga. App. 560, 561 (71 SE2d 904); *Peeples v. Peeples,* 103 Ga. App. 462, 468 (119 SE2d 710). The *Conner* case involved a Kentucky judgment for alimony arrearages and no want of jurisdiction was apparent of record. The *Albert* case likewise involved a decree of divorce and for support and maintenance of minor children in which the support was reduced to a lump sum by reason of an Ohio judgment "served by publication" and mailing the defendant a copy of the published notice and of the petition. The case of *Peeples v. Peeples,* 103 Ga. App. 462, 468, supra, was rendered on the plaintiff's claim for alimony with reference to a contempt of court citation after the issuance of a rule nisi which was served by certified mail with a copy of the petition and a rule to show cause. The case sub judice does not involve domestic relations or alimony and child support but involves a suit for debt against a partnership in which this nonresident was served by allegedly mailing him a copy of the pleadings in the State of Georgia. The only judgment obtained was against the nonresident as to this action involving a partnership debt.

3. Further, in *Melnick v. Bank of Highwood,* 151 Ga. App. 261, 262, supra, involving the issue of a confession of judgment clause in a note which was involved in a judgment obtained in a foreign state, this court held that where "an attorney appeared for the defendant, and personal service was obtained upon the nonresident defendant in Georgia" that judgment was not contrary to the policy or laws of this state and was entitled to full faith and credit.

However, in the case sub judice, the defendant does not admit any personal service was obtained upon him in Georgia but, on the contrary, disputes this issue both in his answer to the suit and in his answer to the requests for admissions. The duly authenticated and certified copy of the foreign sister state judgment shows service was obtained by certified mail which the defendant denies. Under the circumstances, an issue of fact remains as to whether there was personal jurisdiction in accordance with the law of the sister state upon the defendant. Hence, his pleadings have not been pierced even though he did not present counter-affidavits to the record which only contained the original pleadings of the plaintiffs. The law of Georgia as to service would apply in the absence of any proof of the Maryland statute. See Code Ann. § 24-115 (Ga. L. 1966, pp. 343, 344); *Berry v. Jeff Hunt Machinery Co.,* 148 Ga. App. 35 (1, 2), 36, supra. As the case stood when it was considered on summary judgment in the trial court

it was not based upon any additional evidence to overcome defendant's pleadings in response to those of the plaintiffs and even though the duly authenticated and certified copy of the foreign judgment and proceedings were attached to the pleadings, the defendant's answer has not been pierced, if, in fact, personal jurisdiction could be obtained against the Georgia resident by the Maryland court by merely serving him by certified mail. Defendant has denied that he was served by receiving the certified mail from plaintiffs' counsel. At this time we do not decide the question of whether or not the service by certified mail would be sufficient to give the foreign court personal jurisdiction of the defendant in this case which appears to arise out of a partnership doing business in the State of Maryland. Under our Long Arm Statute a person subject to the jurisdiction of the courts of this state "may be served with a summons without the State, in the same manner as service is made within the State, by any person authorized to make service by the laws of the State, . . . in which service is made or by any duly qualified attorney, solicitor, barrister or equivalent in such jurisdiction." See Code Ann. § 24-115, supra.

Since the primary purpose of summary judgment procedure is to allow the party (plaintiffs in this instance) to pierce the allegations of the pleadings and show the truth to the court and receive judgment where there is no genuine issue as to any material fact, although the issue may be raised by pleadings, until such time that a judgment is demanded, the defendant is not required to produce any evidence. As issues of material fact remain here with reference to jurisdiction of the foreign court over the nonresident Georgia defendant, the trial court erred in granting summary judgment. See *Benefield v. Malone,* 110 Ga. App. 607, 610 (139 SE2d 500); *Durrett v. Tunno,* 113 Ga. App. 839, 842 (2) (149 SE2d 826); *Watkins v. Nationwide Mutual Fire Ins. Co.,* 113 Ga. App. 801, 802 (149 SE2d 749). The collateral attack upon the service has not been overcome.

*Judgment reversed. Deen, C. J., Quillian, P. J., Shulman, Banke, Birdsong, Carley and Sognier, JJ., concur. Smith, J., dissents.*

SUBMITTED APRIL 16, 1980 — DECIDED JULY 14, 1980.

*William J. Wright,* for appellant.
*Kirk W. Keene,* for appellees.

SMITH, Judge, dissenting.

In my view, the trial court's entry of summary judgment in favor of appellees was proper. I would affirm the judgment.

Code § 38-627 (a) provides in pertinent part: "The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within this State by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form." In the instant case, a properly authenticated copy of the judgment was alleged in the complaint and proved under Code § 38-627. Appellee has therefore established a prima facie case. *Heakes v. Heakes,* 157 Ga. 863 (122 SE2d 777) (1924); *Melnick v. Bank of Highwood,* 151 Ga. App. 261 (259 SE2d 667) (1979). "[O]nce the [Maryland] judgment was duly introduced the defendant's pleadings were pierced and the burden fell upon the defendant to introduce proof which would tend to rebut the plaintiff's case. *Household Finance Corp. v. Rogers,* 137 Ga. App. 315, 316 (223 SE2d 462)." *Conner v. Conner,* 140 Ga. App. 520, 521 (231 SE2d 512) (1976).

Appellant's answer alleges that the Maryland judgment is void for lack of personal jurisdiction. However, "[w]hen a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." CPA § 56 (e) (Code Ann. § 81A-156 (e)); *Belcher v. Logan,* 150 Ga. App. 249 (257 SE2d 299) (1979). I do not believe appellant has made the requisite response to appellee's prima facie case.

"The jurisdiction of a court of general jurisdiction is presumed and its judgment cannot be collaterally attacked where no want of jurisdiction is apparent of record. *Albert v. Albert,* 86 Ga. App. 560, 564 (71 SE2d 904); *Peoples v. Peoples,* 103 Ga. App. 462, 468 (119 SE2d 710)." *Conner v. Conner,* supra at 521. There is nothing in the Maryland judgment or the documents accompanying it which raise a question as to the Maryland court's jurisdiction over appellant. Any evidentiary response to appellee's motion must be found in "Defendant's Response to Plaintiff's Request for Admission of Facts." I find this evidentiary response insufficient.

Appellee's requests for admission are as follows: "1) Admit that on June 10, 1976, you received at your home address, by certified mail, copies of the plaintiffs' Declaration and Exhibits thereto, the plaintiffs' motion for Summary Judgment and the Affidavit and Points and Authorities in support thereof, together with a copy of the Summons issued by the Circuit Court for Prince George's County, Maryland, on May 26, 1976. 2) Admit that you have been properly

served with process in this matter. 3) Admit that you are indebted to the plaintiffs in the sum of Eight Thousand One Hundred Six and 53/100 Dollars ($8,106.53), plus the costs involved in the Maryland lawsuit which resulted in the Maryland judgment which is the subject of this present action plus interest at the legal rate from October 27, 1976, until the present time." Appellant denied all of the requests. However, in my view, none of these denials establish a genuine issue of material fact for the jury.

The denial of the first request merely raises a question of fact as to whether service was perfected in the manner set forth in the request. It does not negative the existence of valid service by specific factual averment. This was appellant's burden on the motion, and this burden he failed to meet. See *Dunaway v. North Georgia Co.*, 150 Ga. App. 66 (256 SE2d 669) (1979).

Appellant's responses to the second and third requests for admission are also insufficient to defeat appellee's properly supported motion for summary judgment. Appellant's denial that he was "properly served" amounts to a bare conclusion. *Hathcock v. National Bank of Georgia*, 147 Ga. App. 134 (248 SE2d 206) (1978). His denial of indebtedness to appellee is simply irrelevant to the present inquiry.

I conclude that appellant has failed to raise a genuine issue of material fact with respect to the Maryland court's jurisdiction. I believe the trial court was correct in granting appellee's motion for summary judgment. See *Conner v. Conner,* supra; *Lowther v. Mathers,* 147 Ga. App. 82 (248 SE2d 161) (1978).